EXHIBIT A

# COMMONWEALTH OF VIRGINIA



### CHESAPEAKE CIRCUIT COURT
Civil Division
307 ALBEMARLE DR. 300A
CHESAPEAKE  VA
(757) 382-3037

Summons

To: SAM'S EAST INC CT CORPORATION
SYSTEM, REGISTERED AGENT
4701 COX ROAD
SUITE 285
GLEN ALLEN VA 23060

Case No. 550CL19003791-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, May 23, 2019

Clerk of Court: ALAN P KRASNOFF

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:      COLETRANE, F ALEX

SERVED BY: H.S. - 757.868.5833
REGISTERED AGENT
SAM'S EAST INC. CT CORPOR
449448- 2

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF CHESAPEAKE**

**JACQUELINE JONES,**

          **Plaintiff,**

**v.**

          Case No. CU9-3791

          **TRIAL BY JURY DEMANDED**

**SAM'S WEST, INC.,**
**doing business as SAM'S CLUB,**

    <u>Serve:</u>    **SAM'S WEST, INC.**
              **CT Corporation System, Registered Agent**
              **4701 Cox Road, Ste. 285**
              **Glen Allen, VA 23060**

**and**

**SAM'S EAST, INC.,**

    <u>Serve:</u>    **SAM'S EAST, INC.**
              **CT Corporation System, Registered Agent**
              **4701 Cox Road, Ste. 285**
              **Glen Allen, VA 23060**

**and**

**WALMART, INC.,**

    <u>Serve:</u>    **WALMART, INC.**
              **CT Corporation System, Registered Agent**
              **4701 Cox Road, Ste. 285**
              **Glen Allen, VA 23060**

          **Defendants.**

*[stamp: FILED IN CLERK'S OFFICE / 2019 MAY 22 PM 2:01 / CHESAPEAKE CIRCUIT COURT / BY: ___ D.C.]*

## <u>COMPLAINT</u>

COMES NOW the Plaintiff Jacqueline Jones ("Jones" or "Plaintiff"), by counsel, and for her Complaint against Defendants, Sam's West, Inc. d/b/a Sam's Club #4710, Sam's East, Inc., and Walmart, Inc. states as follows:

## JURISDICTION, VENUE, AND PARTIES

1.      This Court has subject matter jurisdiction because the negligent acts and omissions complained of which gave rise to the cause of actions pled herein occurred in the city of Chesapeake, Virginia.

2.      This Court has personal jurisdiction over the Defendant pursuant to at least, but not limited to, VA. CODE ANN. § 8.01-328.1(1)-(3).

3.      Venue is proper in this Court pursuant to at least, but not limited to, VA. CODE ANN. §8.01-262(3)-(4).

4.      Plaintiff Jacqueline Jones is a Virginia resident residing in Carrollton, Virginia.

5.      Defendant Sam's West, Inc. d/b/a Sam's Club #4710 is a corporation organized under the laws of Arkansas with a principal office located in Little Rock, Arkansas.

6.      Defendant Sam's East, Inc. is a corporation organized under the laws of Arkansas with a principal office located in Bentonville, Arkansas.

7.      Defendant Walmart, Inc. is a corporation organized under the laws of Arkansas with a principal office located in Bentonville, Arkansas.

## FACTS

8.      At all times relevant to this matter, Defendants owned, operated, and maintained a Sam's Club store located at 2444 Chesapeake Square Ring Road, Chesapeake, VA 23321 (the "Store").

9.      At all times relevant to this matter, Defendants' agents, employees, and servants operated, maintained, and controlled the Store within the scope of their employment, agency, and/or master-servant relationship with Defendants.

2

10.     On July 1, 2017, Jones was lawfully and properly in the Store as a business invitee.

11.     On that day, Jones was using a motorized shopping cart inside the Store.

12.     At the same time and place, Defendant's employee (the "Employee") was inside the Store and pushing a stock cart (the "Cart") loaded with boxes.

13.     The Employee struck Jones' motorized shopping cart with the Cart.

14.     At the time Jones' was struck by the Cart, the area of the Store she was in was not closed off to business invitees.

15.     At the time Jones' was struck by the Cart, the area of the Store she was in contained no signs, cones, or other warning devices to alert Jones to the presence of the Employee, the Cart, and/or a dangerous condition.

16.     As a direct and proximate result of being struck by the Cart, Jones suffered severe and permanent physical and emotional injuries; suffered past, present, and future pain and mental anguish; suffered past, present, and future inconvenience; incurred past, present, and future medical expenses; incurred lost wages; suffered diminished earning capacity; and was prevented from performing her regular activities.

## COUNT I
### NEGLIGENCE

17.     All of the foregoing and preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

18.     Jones exercised due care at all times while she was in the Store.

19.     Defendants owed a duty to Jones and their other business invitees to maintain the Store in a reasonably safe condition and free from hazardous conditions such as that posed by the Employee pushing the Cart.

3

20.    Defendants owed a duty to Jones and their other business invitees to exercise ordinary care and caution in the ownership, management, maintenance, and control of the Store.

21.    Defendants owed a duty to Jones and their other business invitees to adequately warn their invitees of hazards at the Store which Defendants knew or in the exercise of ordinary care should have known existed.

22.    Defendants owed a duty to Jones and their other business invitees to operate the Cart with reasonable care and with regard for their safety.

23.    In carelessly and negligently operating the Cart, Defendants, through their employees, agents and servants were negligent in each of the following instances:

a. Defendants failed to keep a proper lookout for Jones and their other invitees shopping in the Store and avail it of what the lookout did or should have revealed.

b. Defendants failed to keep the Cart under reasonable and proper control under the prevailing conditions present at the Store.

c. Defendants failed to timely and seasonably stop the Cart under the prevailing conditions present at the Store.

d. Defendants failed to warn Jones of the presence of the Cart and the dangerous condition created by the Cart.

24.    All of the foregoing acts and omissions constitute negligence on behalf of the Defendants.

25.    As a direct and proximate result of Defendants' negligence described above, Jones suffered severe and permanent physical and emotional injuries; suffered past, present, and future pain and mental anguish; suffered past, present, and future

4

inconvenience; incurred past, present, and future medical expenses; incurred lost wages; suffered diminished earning capacity; and was prevented from performing her regular activities.

26. Trial by jury on all counts contained in this Complaint is demanded.

WHEREFORE, Plaintiff Jacqueline Jones, by counsel, respectfully requests that this Court take jurisdiction of this matter, hear such evidence as it deems necessary, and thereafter enter judgment against Defendants Sam's West, Inc., Sam's East, Inc., and Walmart, Inc. holding them jointly and severally liable to Plaintiff in the amount of One Million Dollars ($1,000,000.00), pre-judgment interest from July 1, 2107, post-judgment interest at 6% per annum, costs, and for such other and further relief as this Court deems appropriate.

**JACQUELINE JONES**

By_____
Of Counsel

F. Alex Coletrane (VSB #78381)
Jason E. Messersmith (VSB #77075)
PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Email Address: jmessersmith@pwhd.com
Telephone: (757) 223-4548
Facsimile: (757) 223-4518
*Counsel for Plaintiff Jacqueline Jones*

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF CHESAPEAKE**

**JACQUELINE JONES,**

        **Plaintiff,**

**v.**                          **Case No.** CL19-3791
                                     **TRIAL BY JURY DEMANDED**

**SAM'S WEST, INC.,**
**doing business as SAM'S CLUB,**

    **Serve:**    **SAM'S WEST, INC.**
                **CT Corporation System, Registered Agent**
                **4701 Cox Road, Ste. 285**
                **Glen Allen, VA 23060**

**and**

**SAM'S EAST, INC.,**

    **Serve:**    **SAM'S EAST, INC.**
                **CT Corporation System, Registered Agent**
                **4701 Cox Road, Ste. 285**
                **Glen Allen, VA 23060**

**and**

**WALMART, INC.,**

    **Serve:**    **WALMART, INC.**
                **CT Corporation System, Registered Agent**
                **4701 Cox Road, Ste. 285**
                **Glen Allen, VA 23060**

                **Defendants.**

FILED IN CLERK'S OFFICE
CHESAPEAKE CIRCUIT COURT
2019 MAY 22 PM 2:02
BY: _____ D.C.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS, SAM'S WEST, INC., SAM'S EAST, INC., and WALMART, INC.

COMES NOW the Plaintiff, JACQUELINE JONES, ("Jones"), by counsel, pursuant to the Rules of the Supreme Court of Virginia, and serves the following First Set of Interrogatories and First Set of Request for Production of Documents upon the

Defendants, Sam's West, Inc., Sam's East, Inc., and Walmart, Inc. said Interrogatories and Requests to be answered by the Defendants, under oath, within twenty-one (21) days from service hereof, or twenty-eight (28) days if served with the Complaint, and by filing a written response to each Request within twenty-one (21) days, or twenty-eight (28) days if served with the Complaint, producing the requested documents or, in the alternative, making same available for inspection and copying at the Law Offices of Patten, Wornom, Hatten & Diamonstein, LC, 12350 Jefferson Avenue, Suite 300, Newport News, Virginia 23602.

## DEFINITIONS

These Interrogatories are continuing in nature, and in accordance with the Rules you are required and are hereby requested, without further notice, to continually update and supplement each of your responses herein at such times when you obtain new, additional or differing information, documents and/or things.

With respect to this discovery, you are to apply the below descriptive information to each of your responses such that your responses include rather than exclude supplemental and identifying information.

A. The terms "name," "identify," "identity," "identifying" or "identification" shall mean, without limitation, to include:

1. With respect to a natural person, his or her full name, current home and business address or, if not known, then last known address along with both home and work telephone numbers and whether or not you assert an attorney-client privilege over said person. If reference is to an expert, then include his or her area(s) of expertise.

2. With respect to a firm, corporation, agency, department, or artificial person, state its full name and location and the identity of the person(s) at such place(s) having knowledge of the information requested.

3. When applied to a writing, book, record, document, photograph, statement or recording, state the date prepared, the author and preparer and its present or last known location and custodian thereof.

2

B. Addresses provided pursuant to these requests are to include both current home and business addresses or, if not known, then last known address(es), along with home and business telephone numbers.

C. Where knowledge or information of a party is requested, such request includes knowledge of the party's agents, employees, accountants, investigators, representatives and, unless privileged, his, her or its attorneys. If you claim a privilege as to any response, then state the basis for such claim and refer to section "K" below for more specificity.

D. The pronouns "you" and "your" refer to Defendants in this matter as well as their agents.

E. If you or your agents do not have the information to adequately respond to a particular question, but shall know the name and address of the person or organization who may have such information, then set forth in your response such information, such name(s) and address(es).

F. When answer is made by a non-individual party, state the name, address and title of each person supplying the information and making the affidavit, along with identifying the source of his or her information.

G. The terms "documents," "things," "records," "writings," "recorded statement," "memo," "notes," "pictures," "film," "photograph," etc. shall mean any type of paper, transcript, statement, book, report, memorandum, recording, note, summary, correspondence, schedule, plat, map, video, photograph(s), film, imprint, drawing, diagram, chart, email, data transfer, data compilation, data stored on computer or electronic memory, or other records, whether official or unofficial, containing information written, typewritten, printed, pictured, drawn, orally transcribed or in any other form.

H. "Describe" and "state" shall mean to include all facts and opinions, known and believed, concerning the subject matter along with the identity of each person having such knowledge, fact, or opinion including their business and home addresses and telephone numbers.

I. To "state the basis" for a statement, allegation, or belief, means to set forth in detail each and every fact, document and communication, oral and written, which you contend supports or tends to support any and all such statements, allegations, and beliefs.

J. If you elect not to provide copies of documents as requested or if legible copies cannot be provided, then the original document or item shall be produced or made available for inspection at the offices of Defendant's counsel at a mutually agreeable date and time, within the time allotted by the rules for your Answers and Production herein.

K. If you claim privilege as to any statement, information, document(s) or thing(s), then set forth in your reply a brief description of the document and the reason(s) why you claim the item is considered privileged or not discoverable. If the production of any document referred to by these Requests is refused on the grounds of any claim or privilege, furnish a list specifying each document for which privilege is claimed and state separately with respect to each document:

(a) A statement of facts constituting the basis for any claim or privilege, work product, or other grounds of non-disclosure;

(b) A brief description of the document, including:
  (i)    the date of the document;
  (ii)   the names and addresses of its author, authors or preparers and identification by employment and title of each such person;
  (iii)  the names and addresses of each person who was sent or has had access to or custody of the document, together with the identification of each person;
  (iv)   the paragraph of these Requests to which the document relates; and
  (v)    in the case of any document relating in any way to a meeting or conversation, then please identify such meeting or conversation by statement as to the date of the meeting, its location and the persons present.

L. If you are aware of an item(s) covered by this discovery request that is not within your present custody or ownership, then please identify fully such document(s) and the person(s) or entity(ies) having current or last known custody and/or possession including the complete address(es) (street, city, state, and zip code) where such item(s) is believed to be located including the phone number(s) of the custodian.

M. Should an individual be no longer associated with you or your company, then list his/her last known address as well as the individual who now occupies his or her same or similar position.

N. Lost Documents: if any document requested was, but no longer is, in the possession, custody or control of the plaintiffs or in existence, state whether it:

(a)   is missing or lost;
(b)   has been destroyed;
(c)   has been transferred, voluntarily or involuntarily, to others; or
(d)   has been otherwise disposed of.

For each such instance, explain the circumstances of disposition, give the date or approximate date of the document, the names and last known home and business addresses of persons with knowledge of such circumstances; and the date or

4

approximate date when such document was believed to be missing, lost, destroyed, and/or transferred.

O. The terms "and" as well as "or" shall be interpreted either disjunctively or conjunctively to bring within the scope of these discovery requests information that might otherwise be deemed to be outside their scope.

P. As to any word or terms used herein the singular shall include the plural, and the plural shall include the singular to bring within the scope of these discovery requests information that might otherwise be deemed to be outside their scope.

Q. "Accident" or "Occurrence" means the incident that occurred on July 1, 2017 which gave rise to this litigation.

R. "Sam's Club" means the Sam's Club store located at 2444 Chesapeake Square Ring Road, Chesapeake, Virginia 23321.

5

## INTERROGATORIES

1.      Fully identify, including the relationship to the Defendant, the person or persons, other than counsel, responsible for answering these interrogatories and gathering documents responsive to the Request for Production of Documents submitted herewith.

**ANSWER:**


2.      Identify all experts you intend to call as witnesses at the trial of this matter and, for each such expert state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER:**


3.      Have you or any witness identified in these Interrogatories been convicted or charged either of a felony or a misdemeanor involving moral turpitude?  If so, please furnish the name(s) of the person(s) convicted and the nature, date, and court of any such convictions.

**ANSWER:**


4.      Identify all persons or entities known to you, your insurance company, or your attorney who witnessed any part of the Accident, or have knowledge of the events leading up to the Accident including, without limitation, the employee who was pushing the cart that struck the Plaintiff, and for each such person, please state with particularity the facts, documents, materials, or other information you have reason to believe the

person may possess. If a person identified in this Response is not a natural person, identify the individual associated with that entity whom you believe has custody of such information.

**ANSWER:**

5.    Identify the persons or entities responsible in any way for the inspection, maintenance, and stocking of the Sam's Club and the day-to-day management of the Sam's Club including, without limitation, the names of any and all managers, supervisors, general managers, and other supervisory personnel affiliated in any way with the Sam's Club.

**ANSWER:**

6.    If you contend that a co-defendant or person or entity who is not yet a party to this litigation was negligent or contributed in any way to the Accident and/or the injuries to Plaintiff then specify the name of such person or entity and identify with particularity each act or omission that forms the basis for your contention.

**ANSWER:**

7.    If you contend that Plaintiff was contributorily negligent in this matter, identify with particularity each act or omission which you claim constitutes negligence on the part of the Plaintiff.

**ANSWER:**

8.     Identify all statements concerning the Accident made to any police officer, private investigator, insurance company agent, adjuster, employee, or anyone else and with regard to each statement identify:

    (a)    the name, address, and employer of the person to whom the statement was made;

    (b)    the party who made the statement;

    (c)    the date of the statement;

    (d)    whether the statement was oral or written and if oral whether it was recorded; and

    (e)    the name and address of the custodian of each statement.

**ANSWER:**


9.     Identify all procedures in place on the date of the Accident which is intended to prevent accidents such as the Accident suffered by Plaintiff including, without limitation, all employee handbooks, training manuals, and/or other written materials given or made available to employees. For each such procedure, identify all written procedures sufficiently so that they may be subpoenaed and describe with particularity all procedures which are not written.

**ANSWER:**


10.     Identify any warnings, whether verbal or written including, without limitation, signs or other posted warnings which were given to Plaintiff specifically, and/or to other invitees to the Sam's Club in general, before the Accident concerning the condition which caused or contributed to the Accident.

8

**ANSWER:**

11.    Identify all pictures, photographs, plats, visual recorded images, police reports, diagrams, or objects related to the Accident, Plaintiff's physical condition, the area where Plaintiff was struck at Sam's Club, without limitation, the substance of such recording and the present custodian of each such item.

**ANSWER:**

12. State the name and address of any liability insurance carrier that afforded coverage to you for the injuries to Plaintiff in the Accident. Please include in this answer the policy number of any such policy.

   a)    If the named insured in the aforesaid policy is different from you, state the name and address of the named insured and what relation, if any, to you the named insured it.

   b)    State the policy limits of the aforesaid insurance policy that afforded coverage to you for the Accident. In answering this interrogatory, you are asked to consider any additional insurance coverage that might be made available to you.

   c)    Over and above the policy limits of the liability insurance, please state whether or not you have any excess coverage or umbrella coverage under provisions of any insurance policy and, if so, state the name and address of said insurance carrier, stating the policy limits and policy number of the excess insurance or umbrella insurance afforded to you.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.    Produce all documents and records identified in your answers to the Interrogatories submitted herewith.

**RESPONSE:**


2.    Produce all documents which you intend to rely upon as exhibits at the trial of this matter.

**RESPONSE:**


3.    Produce all documents provided to or received from any expert retained in this matter including, without limitation, any reports produced by any expert retained in this matter.

**RESPONSE:**


4.    Produce the curriculum vitae of any expert retained in this matter.

**RESPONSE:**


5.    Produce all oral or written statements made to the Plaintiff (other than those made in depositions or medical records) with regard to the Accident.

**RESPONSE:**


6.    Produce all oral or written statements made by Plaintiff (other than those made in depositions or medical records) with regard to the Accident.

**RESPONSE:**

10

7.     Produce all documents related in any way to your response to Interrogatory No. 4 above.

**RESPONSE:**

8.     Produce all documents related in any way to your response to Interrogatory No. 8 above.

**RESPONSE:**

9.     Produce all documents related in any way to your response to Interrogatory No. 9 above.

**RESPONSE:**

10.     Produce all documents related in any way to your response to Interrogatory No. 10 above.

**RESPONSE:**

11.     Produce all documents related in any way to your response to Interrogatory No. 11 above.

**RESPONSE:**

12.     Produce all documents related in any way to your response to Interrogatory No. 12 above.

**RESPONSE:**

11

13.    Produce any and all surveillance video that shows all or part of rack 31 and the site of the Accident at the Sam's Club from 12:01 AM – 11:59 PM on July 1, 2017.

**RESPONSE:**

14.    Produce any and all photographs that are focused on all or part of rack 31 and the site of the Accident at the Sam's Club from 12:01 AM – 11:59 PM on July 1, 2017.

**RESPONSE:**

15.    Produce all documents related to any investigation of the Accident.

**RESPONSE:**

**JACQUELINE JONES**

By_____

Of Counsel

Jason E. Messersmith (VSB #77075)
F. Alex Coletrane (VSB #78381)
PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Email Address: acoletrane@pwhd.com
Telephone: (757) 223-4548
Facsimile: (757) 223-4518
*Counsel for Plaintiff Jacqueline Jones*

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF CHESAPEAKE**

**JACQUELINE JONES,**

    **Plaintiff,**

**v.**              Case No. CL19-3791
                **TRIAL BY JURY DEMANDED**

**SAM'S WEST, INC.,**
**doing business as SAM'S CLUB,**

 <u>Serve:</u> **SAM'S WEST, INC.**
    **CT Corporation System, Registered Agent**
    **4701 Cox Road, Ste. 285**
    **Glen Allen, VA 23060**

**and**

**SAM'S EAST, INC.,**

 <u>Serve:</u> **SAM'S EAST, INC.**
    **CT Corporation System, Registered Agent**
    **4701 Cox Road, Ste. 285**
    **Glen Allen, VA 23060**

**and**

**WALMART, INC.,**

 <u>Serve:</u> **WALMART, INC.**
    **CT Corporation System, Registered Agent**
    **4701 Cox Road, Ste. 285**
    **Glen Allen, VA 23060**

    **Defendants.**

FILED IN CLERK'S OFFICE
CHESAPEAKE CIRCUIT COURT
2019 MAY 22  PM 2:01
BY
D.C.

## <u>COMPLAINT</u>

COMES NOW the Plaintiff Jacqueline Jones ("Jones" or "Plaintiff"), by counsel, and for her Complaint against Defendants, Sam's West, Inc. d/b/a Sam's Club #4710, Sam's East, Inc., and Walmart, Inc. states as follows:

## JURISDICTION, VENUE, AND PARTIES

1.     This Court has subject matter jurisdiction because the negligent acts and omissions complained of which gave rise to the cause of actions pled herein occurred in the city of Chesapeake, Virginia.

2.     This Court has personal jurisdiction over the Defendant pursuant to at least, but not limited to, VA. CODE ANN. § 8.01-328.1(1)-(3).

3.     Venue is proper in this Court pursuant to at least, but not limited to, VA. CODE ANN. §8.01-262(3)-(4).

4.     Plaintiff Jacqueline Jones is a Virginia resident residing in Carrollton, Virginia.

5.     Defendant Sam's West, Inc. d/b/a Sam's Club #4710 is a corporation organized under the laws of Arkansas with a principal office located in Little Rock, Arkansas.

6.     Defendant Sam's East, Inc. is a corporation organized under the laws of Arkansas with a principal office located in Bentonville, Arkansas.

7.     Defendant Walmart, Inc. is a corporation organized under the laws of Arkansas with a principal office located in Bentonville, Arkansas.

## FACTS

8.     At all times relevant to this matter, Defendants owned, operated, and maintained a Sam's Club store located at 2444 Chesapeake Square Ring Road, Chesapeake, VA 23321 (the "Store").

9.     At all times relevant to this matter, Defendants' agents, employees, and servants operated, maintained, and controlled the Store within the scope of their employment, agency, and/or master-servant relationship with Defendants.

10.   On July 1, 2017, Jones was lawfully and properly in the Store as a business invitee.

11.   On that day, Jones was using a motorized shopping cart inside the Store.

12.   At the same time and place, Defendant's employee (the "Employee") was inside the Store and pushing a stock cart (the "Cart") loaded with boxes.

13.   The Employee struck Jones' motorized shopping cart with the Cart.

14.   At the time Jones' was struck by the Cart, the area of the Store she was in was not closed off to business invitees.

15.   At the time Jones' was struck by the Cart, the area of the Store she was in contained no signs, cones, or other warning devices to alert Jones to the presence of the Employee, the Cart, and/or a dangerous condition.

16.   As a direct and proximate result of being struck by the Cart, Jones suffered severe and permanent physical and emotional injuries; suffered past, present, and future pain and mental anguish; suffered past, present, and future inconvenience; incurred past, present, and future medical expenses; incurred lost wages; suffered diminished earning capacity; and was prevented from performing her regular activities.

### COUNT I
### NEGLIGENCE

17.   All of the foregoing and preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

18.   Jones exercised due care at all times while she was in the Store.

19.   Defendants owed a duty to Jones and their other business invitees to maintain the Store in a reasonably safe condition and free from hazardous conditions such as that posed by the Employee pushing the Cart.

3

20. Defendants owed a duty to Jones and their other business invitees to exercise ordinary care and caution in the ownership, management, maintenance, and control of the Store.

21. Defendants owed a duty to Jones and their other business invitees to adequately warn their invitees of hazards at the Store which Defendants knew or in the exercise of ordinary care should have known existed.

22. Defendants owed a duty to Jones and their other business invitees to operate the Cart with reasonable care and with regard for their safety.

23. In carelessly and negligently operating the Cart, Defendants, through their employees, agents and servants were negligent in each of the following instances:

a. Defendants failed to keep a proper lookout for Jones and their other invitees shopping in the Store and avail it of what the lookout did or should have revealed.

b. Defendants failed to keep the Cart under reasonable and proper control under the prevailing conditions present at the Store.

c. Defendants failed to timely and seasonably stop the Cart under the prevailing conditions present at the Store.

d. Defendants failed to warn Jones of the presence of the Cart and the dangerous condition created by the Cart.

24. All of the foregoing acts and omissions constitute negligence on behalf of the Defendants.

25. As a direct and proximate result of Defendants' negligence described above, Jones suffered severe and permanent physical and emotional injuries; suffered past, present, and future pain and mental anguish; suffered past, present, and future

4

inconvenience; incurred past, present, and future medical expenses; incurred lost wages; suffered diminished earning capacity; and was prevented from performing her regular activities.

26. Trial by jury on all counts contained in this Complaint is demanded.

WHEREFORE, Plaintiff Jacqueline Jones, by counsel, respectfully requests that this Court take jurisdiction of this matter, hear such evidence as it deems necessary, and thereafter enter judgment against Defendants Sam's West, Inc., Sam's East, Inc., and Walmart, Inc. holding them jointly and severally liable to Plaintiff in the amount of One Million Dollars ($1,000,000.00), pre-judgment interest from July 1, 2107, post-judgment interest at 6% per annum, costs, and for such other and further relief as this Court deems appropriate.

                                        **JACQUELINE JONES**


                              By_____
                                              Of Counsel

F. Alex Coletrane (VSB #78381)
Jason E. Messersmith (VSB #77075)
PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Email Address: jmessersmith@pwhd.com
Telephone: (757) 223-4548
Facsimile: (757) 223-4518
*Counsel for Plaintiff Jacqueline Jones*

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF CHESAPEAKE

JACQUELINE JONES,

               **Plaintiff,**

v.

                                     Case No. CL19-3791
                                     **TRIAL BY JURY DEMANDED**

SAM'S WEST, INC.,
doing business as SAM'S CLUB,

      <u>Serve:</u>     SAM'S WEST, INC.
                    CT Corporation System, Registered Agent
                    4701 Cox Road, Ste. 285
                    Glen Allen, VA 23060

and

SAM'S EAST, INC.,

      <u>Serve:</u>     SAM'S EAST, INC.
                    CT Corporation System, Registered Agent
                    4701 Cox Road, Ste. 285
                    Glen Allen, VA 23060

and

WALMART, INC.,

      <u>Serve:</u>     WALMART, INC.
                    CT Corporation System, Registered Agent
                    4701 Cox Road, Ste. 285
                    Glen Allen, VA 23060

               **Defendants.**

FILED IN CLERK'S OFFICE
CHESAPEAKE CIRCUIT COURT
2019 MAY 22 PH 2:02
BY: _____

## <u>PLAINTIFF'S FIRST SET OF INTERROGATORIES<br>AND FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS<br>TO DEFENDANTS, SAM'S WEST, INC., SAM'S EAST, INC., and WALMART,<br>INC.</u>

COMES NOW the Plaintiff, JACQUELINE JONES, ("Jones"), by counsel, pursuant to the Rules of the Supreme Court of Virginia, and serves the following First Set of Interrogatories and First Set of Request for Production of Documents upon the

Defendants, Sam's West, Inc., Sam's East, Inc., and Walmart, Inc. said Interrogatories and Requests to be answered by the Defendants, under oath, within twenty-one (21) days from service hereof, or twenty-eight (28) days if served with the Complaint, and by filing a written response to each Request within twenty-one (21) days, or twenty-eight (28) days if served with the Complaint, producing the requested documents or, in the alternative, making same available for inspection and copying at the Law Offices of Patten, Wornom, Hatten & Diamonstein, LC, 12350 Jefferson Avenue, Suite 300, Newport News, Virginia 23602.

## DEFINITIONS

These Interrogatories are continuing in nature, and in accordance with the Rules you are required and are hereby requested, without further notice, to continually update and supplement each of your responses herein at such times when you obtain new, additional or differing information, documents and/or things.

With respect to this discovery, you are to apply the below descriptive information to each of your responses such that your responses include rather than exclude supplemental and identifying information.

A. The terms "name," "identify," "identity," "identifying" or "identification" shall mean, without limitation, to include:

1. With respect to a natural person, his or her full name, current home and business address or, if not known, then last known address along with both home and work telephone numbers and whether or not you assert an attorney-client privilege over said person. If reference is to an expert, then include his or her area(s) of expertise.

2. With respect to a firm, corporation, agency, department, or artificial person, state its full name and location and the identity of the person(s) at such place(s) having knowledge of the information requested.

3. When applied to a writing, book, record, document, photograph, statement or recording, state the date prepared, the author and preparer and its present or last known location and custodian thereof.

2

B. Addresses provided pursuant to these requests are to include both current home and business addresses or, if not known, then last known address(es), along with home and business telephone numbers.

C. Where knowledge or information of a party is requested, such request includes knowledge of the party's agents, employees, accountants, investigators, representatives and, unless privileged, his, her or its attorneys. If you claim a privilege as to any response, then state the basis for such claim and refer to section "K" below for more specificity.

D. The pronouns "you" and "your" refer to Defendants in this matter as well as their agents.

E. If you or your agents do not have the information to adequately respond to a particular question, but shall know the name and address of the person or organization who may have such information, then set forth in your response such information, such name(s) and address(es).

F. When answer is made by a non-individual party, state the name, address and title of each person supplying the information and making the affidavit, along with identifying the source of his or her information.

G. The terms "documents," "things," "records," "writings," "recorded statement," "memo," "notes," "pictures," "film," "photograph," etc. shall mean any type of paper, transcript, statement, book, report, memorandum, recording, note, summary, correspondence, schedule, plat, map, video, photograph(s), film, imprint, drawing, diagram, chart, email, data transfer, data compilation, data stored on computer or electronic memory, or other records, whether official or unofficial, containing information written, typewritten, printed, pictured, drawn, orally transcribed or in any other form.

H. "Describe" and "state" shall mean to include all facts and opinions, known and believed, concerning the subject matter along with the identity of each person having such knowledge, fact, or opinion including their business and home addresses and telephone numbers.

I. To "state the basis" for a statement, allegation, or belief, means to set forth in detail each and every fact, document and communication, oral and written, which you contend supports or tends to support any and all such statements, allegations, and beliefs.

J. If you elect not to provide copies of documents as requested or if legible copies cannot be provided, then the original document or item shall be produced or made available for inspection at the offices of Defendant's counsel at a mutually agreeable date and time, within the time allotted by the rules for your Answers and Production herein.

K. If you claim privilege as to any statement, information, document(s) or thing(s), then set forth in your reply a brief description of the document and the reason(s) why you claim the item is considered privileged or not discoverable. If the production of any document referred to by these Requests is refused on the grounds of any claim or privilege, furnish a list specifying each document for which privilege is claimed and state separately with respect to each document:

    (a) A statement of facts constituting the basis for any claim or privilege, work product, or other grounds of non-disclosure;

    (b) A brief description of the document, including:
- (i)   the date of the document;
- (ii)   the names and addresses of its author, authors or preparers and identification by employment and title of each such person;
- (iii)   the names and addresses of each person who was sent or has had access to or custody of the document, together with the identification of each person;
- (iv)   the paragraph of these Requests to which the document relates; and
- (v)   in the case of any document relating in any way to a meeting or conversation, then please identify such meeting or conversation by statement as to the date of the meeting, its location and the persons present.

L. If you are aware of an item(s) covered by this discovery request that is not within your present custody or ownership, then please identify fully such document(s) and the person(s) or entity(ies) having current or last known custody and/or possession including the complete address(es) (street, city, state, and zip code) where such item(s) is believed to be located including the phone number(s) of the custodian.

M. Should an individual be no longer associated with you or your company, then list his/her last known address as well as the individual who now occupies his or her same or similar position.

N. Lost Documents: if any document requested was, but no longer is, in the possession, custody or control of the plaintiffs or in existence, state whether it:

- (a)   is missing or lost;
- (b)   has been destroyed;
- (c)   has been transferred, voluntarily or involuntarily, to others; or
- (d)   has been otherwise disposed of.

For each such instance, explain the circumstances of disposition, give the date or approximate date of the document, the names and last known home and business addresses of persons with knowledge of such circumstances; and the date or

4

approximate date when such document was believed to be missing, lost, destroyed, and/or transferred.

O. The terms "and" as well as "or" shall be interpreted either disjunctively or conjunctively to bring within the scope of these discovery requests information that might otherwise be deemed to be outside their scope.

P. As to any word or terms used herein the singular shall include the plural, and the plural shall include the singular to bring within the scope of these discovery requests information that might otherwise be deemed to be outside their scope.

Q. "Accident" or "Occurrence" means the incident that occurred on July 1, 2017 which gave rise to this litigation.

R. "Sam's Club" means the Sam's Club store located at 2444 Chesapeake Square Ring Road, Chesapeake, Virginia 23321.

## INTERROGATORIES

1.     Fully identify, including the relationship to the Defendant, the person or persons, other than counsel, responsible for answering these interrogatories and gathering documents responsive to the Request for Production of Documents submitted herewith.

**ANSWER:**


2.     Identify all experts you intend to call as witnesses at the trial of this matter and, for each such expert state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER:**


3.     Have you or any witness identified in these Interrogatories been convicted or charged either of a felony or a misdemeanor involving moral turpitude?  If so, please furnish the name(s) of the person(s) convicted and the nature, date, and court of any such convictions.

**ANSWER:**


4.     Identify all persons or entities known to you, your insurance company, or your attorney who witnessed any part of the Accident, or have knowledge of the events leading up to the Accident including, without limitation, the employee who was pushing the cart that struck the Plaintiff, and for each such person, please state with particularity the facts, documents, materials, or other information you have reason to believe the

6

person may possess. If a person identified in this Response is not a natural person, identify the individual associated with that entity whom you believe has custody of such information.

**ANSWER:**

5.     Identify the persons or entities responsible in any way for the inspection, maintenance, and stocking of the Sam's Club and the day-to-day management of the Sam's Club including, without limitation, the names of any and all managers, supervisors, general managers, and other supervisory personnel affiliated in any way with the Sam's Club.

**ANSWER:**

6.     If you contend that a co-defendant or person or entity who is not yet a party to this litigation was negligent or contributed in any way to the Accident and/or the injuries to Plaintiff then specify the name of such person or entity and identify with particularity each act or omission that forms the basis for your contention.

**ANSWER:**

7.     If you contend that Plaintiff was contributorily negligent in this matter, identify with particularity each act or omission which you claim constitutes negligence on the part of the Plaintiff.

**ANSWER:**

8.      Identify all statements concerning the Accident made to any police officer, private investigator, insurance company agent, adjuster, employee, or anyone else and with regard to each statement identify:

(a)     the name, address, and employer of the person to whom the statement was made;

(b)     the party who made the statement;

(c)     the date of the statement;

(d)     whether the statement was oral or written and if oral whether it was recorded; and

(e)     the name and address of the custodian of each statement.

**ANSWER:**


9.      Identify all procedures in place on the date of the Accident which is intended to prevent accidents such as the Accident suffered by Plaintiff including, without limitation, all employee handbooks, training manuals, and/or other written materials given or made available to employees.  For each such procedure, identify all written procedures sufficiently so that they may be subpoenaed and describe with particularity all procedures which are not written.

**ANSWER:**


10.     Identify any warnings, whether verbal or written including, without limitation, signs or other posted warnings which were given to Plaintiff specifically, and/or to other invitees to the Sam's Club in general, before the Accident concerning the condition which caused or contributed to the Accident.

8

**ANSWER:**

11.   Identify all pictures, photographs, plats, visual recorded images, police reports, diagrams, or objects related to the Accident, Plaintiff's physical condition, the area where Plaintiff was struck at Sam's Club, without limitation, the substance of such recording and the present custodian of each such item.

**ANSWER:**

12. State the name and address of any liability insurance carrier that afforded coverage to you for the injuries to Plaintiff in the Accident.  Please include in this answer the policy number of any such policy.

    a)    If the named insured in the aforesaid policy is different from you, state the name and address of the named insured and what relation, if any, to you the named insured it.

    b)    State the policy limits of the aforesaid insurance policy that afforded coverage to you for the Accident.  In answering this interrogatory, you are asked to consider any additional insurance coverage that might be made available to you.

    c)    Over and above the policy limits of the liability insurance, please state whether or not you have any excess coverage or umbrella coverage under provisions of any insurance policy and, if so, state the name and address of said insurance carrier, stating the policy limits and policy number of the excess insurance or umbrella insurance afforded to you.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.   Produce all documents and records identified in your answers to the Interrogatories submitted herewith.

**RESPONSE:**

2.   Produce all documents which you intend to rely upon as exhibits at the trial of this matter.

**RESPONSE:**

3.   Produce all documents provided to or received from any expert retained in this matter including, without limitation, any reports produced by any expert retained in this matter.

**RESPONSE:**

4.   Produce the curriculum vitae of any expert retained in this matter.

**RESPONSE:**

5.   Produce all oral or written statements made to the Plaintiff (other than those made in depositions or medical records) with regard to the Accident.

**RESPONSE:**

6.   Produce all oral or written statements made by Plaintiff (other than those made in depositions or medical records) with regard to the Accident.

**RESPONSE:**

7.    Produce all documents related in any way to your response to Interrogatory No. 4 above.

**RESPONSE:**


8.    Produce all documents related in any way to your response to Interrogatory No. 8 above.

**RESPONSE:**


9.    Produce all documents related in any way to your response to Interrogatory No. 9 above.

**RESPONSE:**


10.    Produce all documents related in any way to your response to Interrogatory No. 10 above.

**RESPONSE:**


11.    Produce all documents related in any way to your response to Interrogatory No. 11 above.

**RESPONSE:**


12.    Produce all documents related in any way to your response to Interrogatory No. 12 above.

**RESPONSE:**

13.    Produce any and all surveillance video that shows all or part of rack 31 and the site of the Accident at the Sam's Club from 12:01 AM – 11:59 PM on July 1, 2017.

**RESPONSE:**


14.    Produce any and all photographs that are focused on all or part of rack 31 and the site of the Accident at the Sam's Club from 12:01 AM – 11:59 PM on July 1, 2017.

**RESPONSE:**


15.    Produce all documents related to any investigation of the Accident.

**RESPONSE:**

**JACQUELINE JONES**

By _____

Of Counsel

Jason E. Messersmith (VSB #77075)
F. Alex Coletrane (VSB #78381)
PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Email Address: acoletrane@pwhd.com
Telephone: (757) 223-4548
Facsimile: (757) 223-4518
*Counsel for Plaintiff Jacqueline Jones*

# COMMONWEALTH OF VIRGINIA



### CHESAPEAKE CIRCUIT COURT
Civil Division
307 ALBEMARLE DR. 300A
CHESAPEAKE  VA
(757) 382-3037

Summons

To: SAM'S WEST INC CT CORPORATION                    Case No. 550CL19003791-00
SYSTEM, REGISTERED AGENT
4701 COX ROAD
SUITE 285
GLEN ALLEN VA 23060

The party upon whom this summons and the attached complaint are served is hereby notified
that unless within 21 days after such service, response is made by filing in the clerk's office
of this court a pleading in writing, in proper legal form, the allegations and charges may be
taken as admitted and the court may enter an order, judgment, or decree against such party
either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, May 23, 2019

Clerk of Court: ALAN P KRASNOFF

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:        COLETRANE, F ALEX

SERVED BY: H.S.I - 757.868.5833
REGISTERED AGENT
SAM'S EAST INC. CT CORPOR
449448 - 3

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF CHESAPEAKE**

**JACQUELINE JONES,**

            **Plaintiff,**

v.                                                        Case No. CL19-3791
                                                          **TRIAL BY JURY DEMANDED**

**SAM'S WEST, INC.,**
**doing business as SAM'S CLUB,**

> Serve:     **SAM'S WEST, INC.**
>            **CT Corporation System, Registered Agent**
>            **4701 Cox Road, Ste. 285**
>            **Glen Allen, VA 23060**

**and**

**SAM'S EAST, INC.,**

> Serve:     **SAM'S EAST, INC.**
>            **CT Corporation System, Registered Agent**
>            **4701 Cox Road, Ste. 285**
>            **Glen Allen, VA 23060**

**and**

**WALMART, INC.,**

> Serve:     **WALMART, INC.**
>            **CT Corporation System, Registered Agent**
>            **4701 Cox Road, Ste. 285**
>            **Glen Allen, VA 23060**

            **Defendants.**

FILED IN CLERK'S OFFICE
CHESAPEAKE CIRCUIT COURT
2019 MAY 22 PM 2: 02
BY: ___ D.C.

## **COMPLAINT**

COMES NOW the Plaintiff Jacqueline Jones ("Jones" or "Plaintiff"), by counsel,

and for her Complaint against Defendants, Sam's West, Inc. d/b/a Sam's Club #4710,

Sam's East, Inc., and Walmart, Inc. states as follows:

## JURISDICTION, VENUE, AND PARTIES

1.      This Court has subject matter jurisdiction because the negligent acts and omissions complained of which gave rise to the cause of actions pled herein occurred in the city of Chesapeake, Virginia.

2.      This Court has personal jurisdiction over the Defendant pursuant to at least, but not limited to, VA. CODE ANN. § 8.01-328.1(1)-(3).

3.      Venue is proper in this Court pursuant to at least, but not limited to, VA. CODE ANN. §8.01-262(3)-(4).

4.      Plaintiff Jacqueline Jones is a Virginia resident residing in Carrollton, Virginia.

5.      Defendant Sam's West, Inc. d/b/a Sam's Club #4710 is a corporation organized under the laws of Arkansas with a principal office located in Little Rock, Arkansas.

6.      Defendant Sam's East, Inc. is a corporation organized under the laws of Arkansas with a principal office located in Bentonville, Arkansas.

7.      Defendant Walmart, Inc. is a corporation organized under the laws of Arkansas with a principal office located in Bentonville, Arkansas.

## FACTS

8.      At all times relevant to this matter, Defendants owned, operated, and maintained a Sam's Club store located at 2444 Chesapeake Square Ring Road, Chesapeake, VA 23321 (the "Store").

9.      At all times relevant to this matter, Defendants' agents, employees, and servants operated, maintained, and controlled the Store within the scope of their employment, agency, and/or master-servant relationship with Defendants.

2

10.    On July 1, 2017, Jones was lawfully and properly in the Store as a business invitee.

11.    On that day, Jones was using a motorized shopping cart inside the Store.

12.    At the same time and place, Defendant's employee (the "Employee") was inside the Store and pushing a stock cart (the "Cart") loaded with boxes.

13.    The Employee struck Jones' motorized shopping cart with the Cart.

14.    At the time Jones' was struck by the Cart, the area of the Store she was in was not closed off to business invitees.

15.    At the time Jones' was struck by the Cart, the area of the Store she was in contained no signs, cones, or other warning devices to alert Jones to the presence of the Employee, the Cart, and/or a dangerous condition.

16.    As a direct and proximate result of being struck by the Cart, Jones suffered severe and permanent physical and emotional injuries; suffered past, present, and future pain and mental anguish; suffered past, present, and future inconvenience; incurred past, present, and future medical expenses; incurred lost wages; suffered diminished earning capacity; and was prevented from performing her regular activities.

## COUNT I
### NEGLIGENCE

17.    All of the foregoing and preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

18.    Jones exercised due care at all times while she was in the Store.

19.    Defendants owed a duty to Jones and their other business invitees to maintain the Store in a reasonably safe condition and free from hazardous conditions such as that posed by the Employee pushing the Cart.

3

20.   Defendants owed a duty to Jones and their other business invitees to exercise ordinary care and caution in the ownership, management, maintenance, and control of the Store.

21.   Defendants owed a duty to Jones and their other business invitees to adequately warn their invitees of hazards at the Store which Defendants knew or in the exercise of ordinary care should have known existed.

22.   Defendants owed a duty to Jones and their other business invitees to operate the Cart with reasonable care and with regard for their safety.

23.   In carelessly and negligently operating the Cart, Defendants, through their employees, agents and servants were negligent in each of the following instances:

a. Defendants failed to keep a proper lookout for Jones and their other invitees shopping in the Store and avail it of what the lookout did or should have revealed.

b. Defendants failed to keep the Cart under reasonable and proper control under the prevailing conditions present at the Store.

c. Defendants failed to timely and seasonably stop the Cart under the prevailing conditions present at the Store.

d. Defendants failed to warn Jones of the presence of the Cart and the dangerous condition created by the Cart.

24.   All of the foregoing acts and omissions constitute negligence on behalf of the Defendants.

25.   As a direct and proximate result of Defendants' negligence described above, Jones suffered severe and permanent physical and emotional injuries; suffered past, present, and future pain and mental anguish; suffered past, present, and future

4

inconvenience; incurred past, present, and future medical expenses; incurred lost wages; suffered diminished earning capacity; and was prevented from performing her regular activities.

26.    Trial by jury on all counts contained in this Complaint is demanded.

WHEREFORE, Plaintiff Jacqueline Jones, by counsel, respectfully requests that this Court take jurisdiction of this matter, hear such evidence as it deems necessary, and thereafter enter judgment against Defendants Sam's West, Inc., Sam's East, Inc., and Walmart, Inc. holding them jointly and severally liable to Plaintiff in the amount of One Million Dollars ($1,000,000.00), pre-judgment interest from July 1, 2107, post-judgment interest at 6% per annum, costs, and for such other and further relief as this Court deems appropriate.

                                          **JACQUELINE JONES**


                                    By _____
                                              Of Counsel

F. Alex Coletrane (VSB #78381)
Jason E. Messersmith (VSB #77075)
PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Email Address: jmessersmith@pwhd.com
Telephone: (757) 223-4548
Facsimile: (757) 223-4518
*Counsel for Plaintiff Jacqueline Jones*

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF CHESAPEAKE

JACQUELINE JONES,

          Plaintiff,

v.

                               Case No. CL19-3191
                               TRIAL BY JURY DEMANDED

SAM'S WEST, INC.,
doing business as SAM'S CLUB,

    Serve:    SAM'S WEST, INC.
              CT Corporation System, Registered Agent
              4701 Cox Road, Ste. 285
              Glen Allen, VA 23060

and

SAM'S EAST, INC.,

    Serve:    SAM'S EAST, INC.
              CT Corporation System, Registered Agent
              4701 Cox Road, Ste. 285
              Glen Allen, VA 23060

and

WALMART, INC.,

    Serve:    WALMART, INC.
              CT Corporation System, Registered Agent
              4701 Cox Road, Ste. 285
              Glen Allen, VA 23060

          Defendants.

FILED IN CLERK'S OFFICE
CHESAPEAKE CIRCUIT COURT
2019 MAY 22  PM 2:02
BY: _____ D.C.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS, SAM'S WEST, INC., SAM'S EAST, INC., and WALMART, INC.

COMES NOW the Plaintiff, JACQUELINE JONES, ("Jones"), by counsel, pursuant to the Rules of the Supreme Court of Virginia, and serves the following First Set of Interrogatories and First Set of Request for Production of Documents upon the

Defendants, Sam's West, Inc., Sam's East, Inc., and Walmart, Inc. said Interrogatories and Requests to be answered by the Defendants, under oath, within twenty-one (21) days from service hereof, or twenty-eight (28) days if served with the Complaint, and by filing a written response to each Request within twenty-one (21) days, or twenty-eight (28) days if served with the Complaint, producing the requested documents or, in the alternative, making same available for inspection and copying at the Law Offices of Patten, Wornom, Hatten & Diamonstein, LC, 12350 Jefferson Avenue, Suite 300, Newport News, Virginia 23602.

## DEFINITIONS

These Interrogatories are continuing in nature, and in accordance with the Rules you are required and are hereby requested, without further notice, to continually update and supplement each of your responses herein at such times when you obtain new, additional or differing information, documents and/or things.

With respect to this discovery, you are to apply the below descriptive information to each of your responses such that your responses include rather than exclude supplemental and identifying information.

A. The terms "name," "identify," "identity," "identifying" or "identification" shall mean, without limitation, to include:

1. With respect to a natural person, his or her full name, current home and business address or, if not known, then last known address along with both home and work telephone numbers and whether or not you assert an attorney-client privilege over said person. If reference is to an expert, then include his or her area(s) of expertise.

2. With respect to a firm, corporation, agency, department, or artificial person, state its full name and location and the identity of the person(s) at such place(s) having knowledge of the information requested.

3. When applied to a writing, book, record, document, photograph, statement or recording, state the date prepared, the author and preparer and its present or last known location and custodian thereof.

B. Addresses provided pursuant to these requests are to include both current home and business addresses or, if not known, then last known address(es), along with home and business telephone numbers.

C. Where knowledge or information of a party is requested, such request includes knowledge of the party's agents, employees, accountants, investigators, representatives and, unless privileged, his, her or its attorneys. If you claim a privilege as to any response, then state the basis for such claim and refer to section "K" below for more specificity.

D. The pronouns "you" and "your" refer to Defendants in this matter as well as their agents.

E. If you or your agents do not have the information to adequately respond to a particular question, but shall know the name and address of the person or organization who may have such information, then set forth in your response such information, such name(s) and address(es).

F. When answer is made by a non-individual party, state the name, address and title of each person supplying the information and making the affidavit, along with identifying the source of his or her information.

G. The terms "documents," "things," "records," "writings," "recorded statement," "memo," "notes," "pictures," "film," "photograph," etc. shall mean any type of paper, transcript, statement, book, report, memorandum, recording, note, summary, correspondence, schedule, plat, map, video, photograph(s), film, imprint, drawing, diagram, chart, email, data transfer, data compilation, data stored on computer or electronic memory, or other records, whether official or unofficial, containing information written, typewritten, printed, pictured, drawn, orally transcribed or in any other form.

H. "Describe" and "state" shall mean to include all facts and opinions, known and believed, concerning the subject matter along with the identity of each person having such knowledge, fact, or opinion including their business and home addresses and telephone numbers.

I. To "state the basis" for a statement, allegation, or belief, means to set forth in detail each and every fact, document and communication, oral and written, which you contend supports or tends to support any and all such statements, allegations, and beliefs.

J. If you elect not to provide copies of documents as requested or if legible copies cannot be provided, then the original document or item shall be produced or made available for inspection at the offices of Defendant's counsel at a mutually agreeable date and time, within the time allotted by the rules for your Answers and Production herein.

K. If you claim privilege as to any statement, information, document(s) or thing(s), then set forth in your reply a brief description of the document and the reason(s) why you claim the item is considered privileged or not discoverable. If the production of any document referred to by these Requests is refused on the grounds of any claim or privilege, furnish a list specifying each document for which privilege is claimed and state separately with respect to each document:

    (a) A statement of facts constituting the basis for any claim or privilege, work product, or other grounds of non-disclosure;

    (b) A brief description of the document, including:
        (i)     the date of the document;
        (ii)    the names and addresses of its author, authors or preparers and identification by employment and title of each such person;
        (iii)   the names and addresses of each person who was sent or has had access to or custody of the document, together with the identification of each person;
        (iv)   the paragraph of these Requests to which the document relates; and
        (v)    in the case of any document relating in any way to a meeting or conversation, then please identify such meeting or conversation by statement as to the date of the meeting, its location and the persons present.

L. If you are aware of an item(s) covered by this discovery request that is not within your present custody or ownership, then please identify fully such document(s) and the person(s) or entity(ies) having current or last known custody and/or possession including the complete address(es) (street, city, state, and zip code) where such item(s) is believed to be located including the phone number(s) of the custodian.

M. Should an individual be no longer associated with you or your company, then list his/her last known address as well as the individual who now occupies his or her same or similar position.

N. Lost Documents:  if any document requested was, but no longer is, in the possession, custody or control of the plaintiffs or in existence, state whether it:

    (a)    is missing or lost;
    (b)    has been destroyed;
    (c)    has been transferred, voluntarily or involuntarily, to others; or
    (d)    has been otherwise disposed of.

For each such instance, explain the circumstances of disposition, give the date or approximate date of the document, the names and last known home and business addresses of persons with knowledge of such circumstances; and the date or

approximate date when such document was believed to be missing, lost, destroyed, and/or transferred.

O. The terms "and" as well as "or" shall be interpreted either disjunctively or conjunctively to bring within the scope of these discovery requests information that might otherwise be deemed to be outside their scope.

P. As to any word or terms used herein the singular shall include the plural, and the plural shall include the singular to bring within the scope of these discovery requests information that might otherwise be deemed to be outside their scope.

Q. "Accident" or "Occurrence" means the incident that occurred on July 1, 2017 which gave rise to this litigation.

R. "Sam's Club" means the Sam's Club store located at 2444 Chesapeake Square Ring Road, Chesapeake, Virginia 23321.

## INTERROGATORIES

1.      Fully identify, including the relationship to the Defendant, the person or persons, other than counsel, responsible for answering these interrogatories and gathering documents responsive to the Request for Production of Documents submitted herewith.

**ANSWER:**


2.      Identify all experts you intend to call as witnesses at the trial of this matter and, for each such expert state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER:**


3.      Have you or any witness identified in these Interrogatories been convicted or charged either of a felony or a misdemeanor involving moral turpitude?  If so, please furnish the name(s) of the person(s) convicted and the nature, date, and court of any such convictions.

**ANSWER:**


4.      Identify all persons or entities known to you, your insurance company, or your attorney who witnessed any part of the Accident, or have knowledge of the events leading up to the Accident including, without limitation, the employee who was pushing the cart that struck the Plaintiff, and for each such person, please state with particularity the facts, documents, materials, or other information you have reason to believe the

person may possess. If a person identified in this Response is not a natural person, identify the individual associated with that entity whom you believe has custody of such information.

**ANSWER:**

5.   Identify the persons or entities responsible in any way for the inspection, maintenance, and stocking of the Sam's Club and the day-to-day management of the Sam's Club including, without limitation, the names of any and all managers, supervisors, general managers, and other supervisory personnel affiliated in any way with the Sam's Club.

**ANSWER:**

6.   If you contend that a co-defendant or person or entity who is not yet a party to this litigation was negligent or contributed in any way to the Accident and/or the injuries to Plaintiff then specify the name of such person or entity and identify with particularity each act or omission that forms the basis for your contention.

**ANSWER:**

7.   If you contend that Plaintiff was contributorily negligent in this matter, identify with particularity each act or omission which you claim constitutes negligence on the part of the Plaintiff.

**ANSWER:**

7

8.     Identify all statements concerning the Accident made to any police officer, private investigator, insurance company agent, adjuster, employee, or anyone else and with regard to each statement identify:

(a)     the name, address, and employer of the person to whom the statement was made;

(b)     the party who made the statement;

(c)     the date of the statement;

(d)     whether the statement was oral or written and if oral whether it was recorded; and

(e)     the name and address of the custodian of each statement.

**ANSWER:**

9.     Identify all procedures in place on the date of the Accident which is intended to prevent accidents such as the Accident suffered by Plaintiff including, without limitation, all employee handbooks, training manuals, and/or other written materials given or made available to employees.  For each such procedure, identify all written procedures sufficiently so that they may be subpoenaed and describe with particularity all procedures which are not written.

**ANSWER:**

10.     Identify any warnings, whether verbal or written including, without limitation, signs or other posted warnings which were given to Plaintiff specifically, and/or to other invitees to the Sam's Club in general, before the Accident concerning the condition which caused or contributed to the Accident.

8

**ANSWER:**

11.    Identify all pictures, photographs, plats, visual recorded images, police reports, diagrams, or objects related to the Accident, Plaintiff's physical condition, the area where Plaintiff was struck at Sam's Club, without limitation, the substance of such recording and the present custodian of each such item.

**ANSWER:**

12. State the name and address of any liability insurance carrier that afforded coverage to you for the injuries to Plaintiff in the Accident.  Please include in this answer the policy number of any such policy.

a)    If the named insured in the aforesaid policy is different from you, state the name and address of the named insured and what relation, if any, to you the named insured it.

b)    State the policy limits of the aforesaid insurance policy that afforded coverage to you for the Accident.  In answering this interrogatory, you are asked to consider any additional insurance coverage that might be made available to you.

c)    Over and above the policy limits of the liability insurance, please state whether or not you have any excess coverage or umbrella coverage under provisions of any insurance policy and, if so, state the name and address of said insurance carrier, stating the policy limits and policy number of the excess insurance or umbrella insurance afforded to you.

**ANSWER:**

## <u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>

1.    Produce all documents and records identified in your answers to the Interrogatories submitted herewith.

**RESPONSE:**

2.    Produce all documents which you intend to rely upon as exhibits at the trial of this matter.

**RESPONSE:**

3.    Produce all documents provided to or received from any expert retained in this matter including, without limitation, any reports produced by any expert retained in this matter.

**RESPONSE:**

4.    Produce the curriculum vitae of any expert retained in this matter.

**RESPONSE:**

5.    Produce all oral or written statements made to the Plaintiff (other than those made in depositions or medical records) with regard to the Accident.

**RESPONSE:**

6.    Produce all oral or written statements made by Plaintiff (other than those made in depositions or medical records) with regard to the Accident.

**RESPONSE:**

7.     Produce all documents related in any way to your response to Interrogatory No. 4 above.

**RESPONSE:**


8.     Produce all documents related in any way to your response to Interrogatory No. 8 above.

**RESPONSE:**


9.     Produce all documents related in any way to your response to Interrogatory No. 9 above.

**RESPONSE:**


10.    Produce all documents related in any way to your response to Interrogatory No. 10 above.

**RESPONSE:**


11.    Produce all documents related in any way to your response to Interrogatory No. 11 above.

**RESPONSE:**


12.    Produce all documents related in any way to your response to Interrogatory No. 12 above.

**RESPONSE:**

13.     Produce any and all surveillance video that shows all or part of rack 31 and the site of the Accident at the Sam's Club from 12:01 AM – 11:59 PM on July 1, 2017.

**RESPONSE:**


14.     Produce any and all photographs that are focused on all or part of rack 31 and the site of the Accident at the Sam's Club from 12:01 AM – 11:59 PM on July 1, 2017.

**RESPONSE:**


15.     Produce all documents related to any investigation of the Accident.

**RESPONSE:**

**JACQUELINE JONES**

By _____

Of Counsel

Jason E. Messersmith (VSB #77075)
F. Alex Coletrane (VSB #78381)
PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Email Address: acoletrane@pwhd.com
Telephone: (757) 223-4548
Facsimile: (757) 223-4518
*Counsel for Plaintiff Jacqueline Jones*

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF CHESAPEAKE**

**JACQUELINE JONES,**

        **Plaintiff,**

**v.**                                                     Case No. CL19-3791
                                                          **TRIAL BY JURY DEMANDED**

**SAM'S WEST, INC.,**
**doing business as SAM'S CLUB,**

    <u>Serve:</u>    **SAM'S WEST, INC.**
                **CT Corporation System, Registered Agent**
                **4701 Cox Road, Ste. 285**
                **Glen Allen, VA 23060**

**and**

**SAM'S EAST, INC.,**

    <u>Serve:</u>    **SAM'S EAST, INC.**
                **CT Corporation System, Registered Agent**
                **4701 Cox Road, Ste. 285**
                **Glen Allen, VA 23060**

**and**

**WALMART, INC.,**

    <u>Serve:</u>    **WALMART, INC.**
                **CT Corporation System, Registered Agent**
                **4701 Cox Road, Ste. 285**
                **Glen Allen, VA 23060**

                **Defendants.**

FILED IN CLERK'S OFFICE
CHESAPEAKE CIRCUIT COURT
2019 MAY 22 PM 2:02
BY: ____ D.C.

## <u>COMPLAINT</u>

COMES NOW the Plaintiff Jacqueline Jones ("Jones" or "Plaintiff"), by counsel,

and for her Complaint against Defendants, Sam's West, Inc. d/b/a Sam's Club #4710,

Sam's East, Inc., and Walmart, Inc. states as follows:

## JURISDICTION, VENUE, AND PARTIES

1.    This Court has subject matter jurisdiction because the negligent acts and omissions complained of which gave rise to the cause of actions pled herein occurred in the city of Chesapeake, Virginia.

2.    This Court has personal jurisdiction over the Defendant pursuant to at least, but not limited to, VA. CODE ANN. § 8.01-328.1(1)-(3).

3.    Venue is proper in this Court pursuant to at least, but not limited to, VA. CODE ANN. §8.01-262(3)-(4).

4.    Plaintiff Jacqueline Jones is a Virginia resident residing in Carrollton, Virginia.

5.    Defendant Sam's West, Inc. d/b/a Sam's Club #4710 is a corporation organized under the laws of Arkansas with a principal office located in Little Rock, Arkansas.

6.    Defendant Sam's East, Inc. is a corporation organized under the laws of Arkansas with a principal office located in Bentonville, Arkansas.

7.    Defendant Walmart, Inc. is a corporation organized under the laws of Arkansas with a principal office located in Bentonville, Arkansas.

## FACTS

8.    At all times relevant to this matter, Defendants owned, operated, and maintained a Sam's Club store located at 2444 Chesapeake Square Ring Road, Chesapeake, VA 23321 (the "Store").

9.    At all times relevant to this matter, Defendants' agents, employees, and servants operated, maintained, and controlled the Store within the scope of their employment, agency, and/or master-servant relationship with Defendants.

2

10.     On July 1, 2017, Jones was lawfully and properly in the Store as a business invitee.

11.     On that day, Jones was using a motorized shopping cart inside the Store.

12.     At the same time and place, Defendant's employee (the "Employee") was inside the Store and pushing a stock cart (the "Cart") loaded with boxes.

13.     The Employee struck Jones' motorized shopping cart with the Cart.

14.     At the time Jones' was struck by the Cart, the area of the Store she was in was not closed off to business invitees.

15.     At the time Jones' was struck by the Cart, the area of the Store she was in contained no signs, cones, or other warning devices to alert Jones to the presence of the Employee, the Cart, and/or a dangerous condition.

16.     As a direct and proximate result of being struck by the Cart, Jones suffered severe and permanent physical and emotional injuries; suffered past, present, and future pain and mental anguish; suffered past, present, and future inconvenience; incurred past, present, and future medical expenses; incurred lost wages; suffered diminished earning capacity; and was prevented from performing her regular activities.

### COUNT I
### NEGLIGENCE

17.     All of the foregoing and preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

18.     Jones exercised due care at all times while she was in the Store.

19.     Defendants owed a duty to Jones and their other business invitees to maintain the Store in a reasonably safe condition and free from hazardous conditions such as that posed by the Employee pushing the Cart.

20. Defendants owed a duty to Jones and their other business invitees to exercise ordinary care and caution in the ownership, management, maintenance, and control of the Store.

21. Defendants owed a duty to Jones and their other business invitees to adequately warn their invitees of hazards at the Store which Defendants knew or in the exercise of ordinary care should have known existed.

22. Defendants owed a duty to Jones and their other business invitees to operate the Cart with reasonable care and with regard for their safety.

23. In carelessly and negligently operating the Cart, Defendants, through their employees, agents and servants were negligent in each of the following instances:

a. Defendants failed to keep a proper lookout for Jones and their other invitees shopping in the Store and avail it of what the lookout did or should have revealed. ·

b. Defendants failed to keep the Cart under reasonable and proper control under the prevailing conditions present at the Store.

c. Defendants failed to timely and seasonably stop the Cart under the prevailing conditions present at the Store.

d. Defendants failed to warn Jones of the presence of the Cart and the dangerous condition created by the Cart.

24. All of the foregoing acts and omissions constitute negligence on behalf of the Defendants.

25. As a direct and proximate result of Defendants' negligence described above, Jones suffered severe and permanent physical and emotional injuries; suffered past, present, and future pain and mental anguish; suffered past, present, and future

4

inconvenience; incurred past, present, and future medical expenses; incurred lost wages; suffered diminished earning capacity; and was prevented from performing her regular activities.

26.   Trial by jury on all counts contained in this Complaint is demanded.

WHEREFORE, Plaintiff Jacqueline Jones, by counsel, respectfully requests that this Court take jurisdiction of this matter, hear such evidence as it deems necessary, and thereafter enter judgment against Defendants Sam's West, Inc., Sam's East, Inc., and Walmart, Inc. holding them jointly and severally liable to Plaintiff in the amount of One Million Dollars ($1,000,000.00), pre-judgment interest from July 1, 2107, post-judgment interest at 6% per annum, costs, and for such other and further relief as this Court deems appropriate.

**JACQUELINE JONES**

By_____
Of Counsel

F. Alex Coletrane (VSB #78381)
Jason E. Messersmith (VSB #77075)
PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Email Address: jmessersmith@pwhd.com
Telephone: (757) 223-4548
Facsimile: (757) 223-4518
*Counsel for Plaintiff Jacqueline Jones*

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF CHESAPEAKE**

**JACQUELINE JONES,**

           **Plaintiff,**

v.                                    **Case No. CL19-3791**
                                     **TRIAL BY JURY DEMANDED**

**SAM'S WEST, INC.,**
**doing business as SAM'S CLUB,**

    <u>Serve:</u>    **SAM'S WEST, INC.**
                **CT Corporation System, Registered Agent**
                **4701 Cox Road, Ste. 285**
                **Glen Allen, VA 23060**

**and**

**SAM'S EAST, INC.,**

    <u>Serve:</u>    **SAM'S EAST, INC.**
                **CT Corporation System, Registered Agent**
                **4701 Cox Road, Ste. 285**
                **Glen Allen, VA 23060**

**and**

**WALMART, INC.,**

    <u>Serve:</u>    **WALMART, INC.**
                **CT Corporation System, Registered Agent**
                **4701 Cox Road, Ste. 285**
                **Glen Allen, VA 23060**

                  **Defendants.**



**<u>PLAINTIFF'S FIRST SET OF INTERROGATORIES</u>**
**<u>AND FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS</u>**
**<u>TO DEFENDANTS, SAM'S WEST, INC., SAM'S EAST, INC., and WALMART,</u>**
**<u>INC.</u>**

COMES NOW the Plaintiff, JACQUELINE JONES,    ("Jones"), by counsel,

pursuant to the Rules of the Supreme Court of Virginia, and serves the following First

Set of Interrogatories and First Set of Request for Production of Documents upon the

Defendants, Sam's West, Inc., Sam's East, Inc., and Walmart, Inc. said Interrogatories and Requests to be answered by the Defendants, under oath, within twenty-one (21) days from service hereof, or twenty-eight (28) days if served with the Complaint, and by filing a written response to each Request within twenty-one (21) days, or twenty-eight (28) days if served with the Complaint, producing the requested documents or, in the alternative, making same available for inspection and copying at the Law Offices of Patten, Wornom, Hatten & Diamonstein, LC, 12350 Jefferson Avenue, Suite 300, Newport News, Virginia 23602.

## **DEFINITIONS**

These Interrogatories are continuing in nature, and in accordance with the Rules you are required and are hereby requested, without further notice, to continually update and supplement each of your responses herein at such times when you obtain new, additional or differing information, documents and/or things.

With respect to this discovery, you are to apply the below descriptive information to each of your responses such that your responses include rather than exclude supplemental and identifying information.

A. The terms "name," "identify," "identity," "identifying" or "identification" shall mean, without limitation, to include:

1. With respect to a natural person, his or her full name, current home and business address or, if not known, then last known address along with both home and work telephone numbers and whether or not you assert an attorney-client privilege over said person.  If reference is to an expert, then include his or her area(s) of expertise.

2. With respect to a firm, corporation, agency, department, or artificial person, state its full name and location and the identity of the person(s) at such place(s) having knowledge of the information requested.

3. When applied to a writing, book, record, document, photograph, statement or recording, state the date prepared, the author and preparer and its present or last known location and custodian thereof.

2

B. Addresses provided pursuant to these requests are to include both current home and business addresses or, if not known, then last known address(es), along with home and business telephone numbers.

C. Where knowledge or information of a party is requested, such request includes knowledge of the party's agents, employees, accountants, investigators, representatives and, unless privileged, his, her or its attorneys. If you claim a privilege as to any response, then state the basis for such claim and refer to section "K" below for more specificity.

D. The pronouns "you" and "your" refer to Defendants in this matter as well as their agents.

E. If you or your agents do not have the information to adequately respond to a particular question, but shall know the name and address of the person or organization who may have such information, then set forth in your response such information, such name(s) and address(es).

F. When answer is made by a non-individual party, state the name, address and title of each person supplying the information and making the affidavit, along with identifying the source of his or her information.

G. The terms "documents," "things," "records," "writings," "recorded statement," "memo," "notes," "pictures," "film," "photograph," etc. shall mean any type of paper, transcript, statement, book, report, memorandum, recording, note, summary, correspondence, schedule, plat, map, video, photograph(s), film, imprint, drawing, diagram, chart, email, data transfer, data compilation, data stored on computer or electronic memory, or other records, whether official or unofficial, containing information written, typewritten, printed, pictured, drawn, orally transcribed or in any other form.

H. "Describe" and "state" shall mean to include all facts and opinions, known and believed, concerning the subject matter along with the identity of each person having such knowledge, fact, or opinion including their business and home addresses and telephone numbers.

I. To "state the basis" for a statement, allegation, or belief, means to set forth in detail each and every fact, document and communication, oral and written, which you contend supports or tends to support any and all such statements, allegations, and beliefs.

J. If you elect not to provide copies of documents as requested or if legible copies cannot be provided, then the original document or item shall be produced or made available for inspection at the offices of Defendant's counsel at a mutually agreeable date and time, within the time allotted by the rules for your Answers and Production herein.

K. If you claim privilege as to any statement, information, document(s) or thing(s), then set forth in your reply a brief description of the document and the reason(s) why you claim the item is considered privileged or not discoverable. If the production of any document referred to by these Requests is refused on the grounds of any claim or privilege, furnish a list specifying each document for which privilege is claimed and state separately with respect to each document:

  (a) A statement of facts constituting the basis for any claim or privilege, work product, or other grounds of non-disclosure;

  (b) A brief description of the document, including:
    (i)  the date of the document;
    (ii)  the names and addresses of its author, authors or preparers and identification by employment and title of each such person;
    (iii)  the names and addresses of each person who was sent or has had access to or custody of the document, together with the identification of each person;
    (iv)  the paragraph of these Requests to which the document relates; and
    (v)  in the case of any document relating in any way to a meeting or conversation, then please identify such meeting or conversation by statement as to the date of the meeting, its location and the persons present.

L. If you are aware of an item(s) covered by this discovery request that is not within your present custody or ownership, then please identify fully such document(s) and the person(s) or entity(ies) having current or last known custody and/or possession including the complete address(es) (street, city, state, and zip code) where such item(s) is believed to be located including the phone number(s) of the custodian.

M. Should an individual be no longer associated with you or your company, then list his/her last known address as well as the individual who now occupies his or her same or similar position.

N. Lost Documents: if any document requested was, but no longer is, in the possession, custody or control of the plaintiffs or in existence, state whether it:

  (a)  is missing or lost;
  (b)  has been destroyed;
  (c)  has been transferred, voluntarily or involuntarily, to others; or
  (d)  has been otherwise disposed of.

For each such instance, explain the circumstances of disposition, give the date or approximate date of the document, the names and last known home and business addresses of persons with knowledge of such circumstances; and the date or

approximate date when such document was believed to be missing, lost, destroyed, and/or transferred.

O. The terms "and" as well as "or" shall be interpreted either disjunctively or conjunctively to bring within the scope of these discovery requests information that might otherwise be deemed to be outside their scope.

P. As to any word or terms used herein the singular shall include the plural, and the plural shall include the singular to bring within the scope of these discovery requests information that might otherwise be deemed to be outside their scope.

Q. "Accident" or "Occurrence" means the incident that occurred on July 1, 2017 which gave rise to this litigation.

R. "Sam's Club" means the Sam's Club store located at 2444 Chesapeake Square Ring Road, Chesapeake, Virginia 23321.

## INTERROGATORIES

1.      Fully identify, including the relationship to the Defendant, the person or persons, other than counsel, responsible for answering these interrogatories and gathering documents responsive to the Request for Production of Documents submitted herewith.

**ANSWER:**


2.      Identify all experts you intend to call as witnesses at the trial of this matter and, for each such expert state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER:**


3.      Have you or any witness identified in these Interrogatories been convicted or charged either of a felony or a misdemeanor involving moral turpitude?  If so, please furnish the name(s) of the person(s) convicted and the nature, date, and court of any such convictions.

**ANSWER:**


4.      Identify all persons or entities known to you, your insurance company, or your attorney who witnessed any part of the Accident, or have knowledge of the events leading up to the Accident including, without limitation, the employee who was pushing the cart that struck the Plaintiff, and for each such person, please state with particularity the facts, documents, materials, or other information you have reason to believe the

6

person may possess. If a person identified in this Response is not a natural person, identify the individual associated with that entity whom you believe has custody of such information.

**ANSWER:**


5.    Identify the persons or entities responsible in any way for the inspection, maintenance, and stocking of the Sam's Club and the day-to-day management of the Sam's Club including, without limitation, the names of any and all managers, supervisors, general managers, and other supervisory personnel affiliated in any way with the Sam's Club.

**ANSWER:**


6.    If you contend that a co-defendant or person or entity who is not yet a party to this litigation was negligent or contributed in any way to the Accident and/or the injuries to Plaintiff then specify the name of such person or entity and identify with particularity each act or omission that forms the basis for your contention.

**ANSWER:**


7.    If you contend that Plaintiff was contributorily negligent in this matter, identify with particularity each act or omission which you claim constitutes negligence on the part of the Plaintiff.

**ANSWER:**

8.    Identify all statements concerning the Accident made to any police officer, private investigator, insurance company agent, adjuster, employee, or anyone else and with regard to each statement identify:

(a)    the name, address, and employer of the person to whom the statement was made;

(b)    the party who made the statement;

(c)    the date of the statement;

(d)    whether the statement was oral or written and if oral whether it was recorded; and

(e)    the name and address of the custodian of each statement.

**ANSWER:**


9.    Identify all procedures in place on the date of the Accident which is intended to prevent accidents such as the Accident suffered by Plaintiff including, without limitation, all employee handbooks, training manuals, and/or other written materials given or made available to employees. For each such procedure, identify all written procedures sufficiently so that they may be subpoenaed and describe with particularity all procedures which are not written.

**ANSWER:**


10.    Identify any warnings, whether verbal or written including, without limitation, signs or other posted warnings which were given to Plaintiff specifically, and/or to other invitees to the Sam's Club in general, before the Accident concerning the condition which caused or contributed to the Accident.

8

**ANSWER:**

11. Identify all pictures, photographs, plats, visual recorded images, police reports, diagrams, or objects related to the Accident, Plaintiff's physical condition, the area where Plaintiff was struck at Sam's Club, without limitation, the substance of such recording and the present custodian of each such item.

**ANSWER:**

12. State the name and address of any liability insurance carrier that afforded coverage to you for the injuries to Plaintiff in the Accident. Please include in this answer the policy number of any such policy.

a) If the named insured in the aforesaid policy is different from you, state the name and address of the named insured and what relation, if any, to you the named insured it.

b) State the policy limits of the aforesaid insurance policy that afforded coverage to you for the Accident. In answering this interrogatory, you are asked to consider any additional insurance coverage that might be made available to you.

c) Over and above the policy limits of the liability insurance, please state whether or not you have any excess coverage or umbrella coverage under provisions of any insurance policy and, if so, state the name and address of said insurance carrier, stating the policy limits and policy number of the excess insurance or umbrella insurance afforded to you.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      Produce all documents and records identified in your answers to the Interrogatories submitted herewith.

**RESPONSE:**

2.      Produce all documents which you intend to rely upon as exhibits at the trial of this matter.

**RESPONSE:**

3.      Produce all documents provided to or received from any expert retained in this matter including, without limitation, any reports produced by any expert retained in this matter.

**RESPONSE:**

4.      Produce the curriculum vitae of any expert retained in this matter.

**RESPONSE:**

5.      Produce all oral or written statements made to the Plaintiff (other than those made in depositions or medical records) with regard to the Accident.

**RESPONSE:**

6.      Produce all oral or written statements made by Plaintiff (other than those made in depositions or medical records) with regard to the Accident.

**RESPONSE:**

7.    Produce all documents related in any way to your response to Interrogatory No. 4 above.

**RESPONSE:**

8.    Produce all documents related in any way to your response to Interrogatory No. 8 above.

**RESPONSE:**

9.    Produce all documents related in any way to your response to Interrogatory No. 9 above.

**RESPONSE:**

10.    Produce all documents related in any way to your response to Interrogatory No. 10 above.

**RESPONSE:**

11.    Produce all documents related in any way to your response to Interrogatory No. 11 above.

**RESPONSE:**

12.    Produce all documents related in any way to your response to Interrogatory No. 12 above.

**RESPONSE:**

13.    Produce any and all surveillance video that shows all or part of rack 31 and

the site of the Accident at the Sam's Club from 12:01 AM – 11:59 PM on July 1, 2017.

**RESPONSE:**


14.    Produce any and all photographs that are focused on all or part of rack 31

and the site of the Accident at the Sam's Club from 12:01 AM – 11:59 PM on July 1, 2017.

**RESPONSE:**


15.    Produce all documents related to any investigation of the Accident.

**RESPONSE:**

**JACQUELINE JONES**

By _____

Of Counsel


Jason E. Messersmith (VSB #77075)
F. Alex Coletrane (VSB #78381)
PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Email Address:  acoletrane@pwhd.com
Telephone: (757) 223-4548
Facsimile:  (757) 223-4518
*Counsel for Plaintiff Jacqueline Jones*

# COMMONWEALTH OF VIRGINIA



CHESAPEAKE CIRCUIT COURT
Civil Division
307 ALBEMARLE DR. 300A
CHESAPEAKE  VA
(757) 382-3037

Summons

To: WALMART INC                                     Case No. 550CL19003791-00
CT CORPORATION SYSTEM
REGISTERED AGENT
4701 COX ROAD
SUITE 285
GLEN ALLEN VA 23060

The party upon whom this summons and the attached complaint are served is hereby notified
that unless within 21 days after such service, response is made by filing in the clerk's office
of this court a pleading in writing, in proper legal form, the allegations and charges may be
taken as admitted and the court may enter an order, judgment, or decree against such party
either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, May 23, 2019

Clerk of Court: ALAN P KRASNOFF

by _____
(CLERK/DEPUTY CLERK )

Instructions:


Hearing Official:


Attorney's name:        COLETRANE, F ALEX

SERVED BY: H.S.I - 757.868.5833
REGISTERED AGENT
WALMART INC. CT CORPORA
449448- 1

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF CHESAPEAKE**

**JACQUELINE JONES,**

        **Plaintiff,**

**v.**                               **Case No. CL19-3791**
                                       **TRIAL BY JURY DEMANDED**

**SAM'S WEST, INC.,**
**doing business as SAM'S CLUB,**

    <u>Serve:</u>    **SAM'S WEST, INC.**
                   **CT Corporation System, Registered Agent**
                   **4701 Cox Road, Ste. 285**
                   **Glen Allen, VA 23060**

**and**

**SAM'S EAST, INC.,**

    <u>Serve:</u>    **SAM'S EAST, INC.**
                   **CT Corporation System, Registered Agent**
                   **4701 Cox Road, Ste. 285**
                   **Glen Allen, VA 23060**

**and**

**WALMART, INC.,**

    <u>Serve:</u>    **WALMART, INC.**
                   **CT Corporation System, Registered Agent**
                   **4701 Cox Road, Ste. 285**
                   **Glen Allen, VA 23060**

               **Defendants.**

FILED IN CLERK'S OFFICE
CHESAPEAKE CIRCUIT COURT
2019 MAY 22 PM 2:02
BY_____ D.C.

## <u>COMPLAINT</u>

COMES NOW the Plaintiff Jacqueline Jones ("Jones" or "Plaintiff"), by counsel,

and for her Complaint against Defendants, Sam's West, Inc. d/b/a Sam's Club #4710,

Sam's East, Inc., and Walmart, Inc. states as follows:

## JURISDICTION, VENUE, AND PARTIES

1.     This Court has subject matter jurisdiction because the negligent acts and omissions complained of which gave rise to the cause of actions pled herein occurred in the city of Chesapeake, Virginia.

2.     This Court has personal jurisdiction over the Defendant pursuant to at least, but not limited to, VA. CODE ANN. § 8.01-328.1(1)-(3).

3.     Venue is proper in this Court pursuant to at least, but not limited to, VA. CODE ANN. §8.01-262(3)-(4).

4.     Plaintiff Jacqueline Jones is a Virginia resident residing in Carrollton, Virginia.

5.     Defendant Sam's West, Inc. d/b/a Sam's Club #4710 is a corporation organized under the laws of Arkansas with a principal office located in Little Rock, Arkansas.

6.     Defendant Sam's East, Inc. is a corporation organized under the laws of Arkansas with a principal office located in Bentonville, Arkansas.

7.     Defendant Walmart, Inc. is a corporation organized under the laws of Arkansas with a principal office located in Bentonville, Arkansas.

## FACTS

8.     At all times relevant to this matter, Defendants owned, operated, and maintained a Sam's Club store located at 2444 Chesapeake Square Ring Road, Chesapeake, VA 23321 (the "Store").

9.     At all times relevant to this matter, Defendants' agents, employees, and servants operated, maintained, and controlled the Store within the scope of their employment, agency, and/or master-servant relationship with Defendants.

2

10.     On July 1, 2017, Jones was lawfully and properly in the Store as a business invitee.

11.     On that day, Jones was using a motorized shopping cart inside the Store.

12.     At the same time and place, Defendant's employee (the "Employee") was inside the Store and pushing a stock cart (the "Cart") loaded with boxes.

13.     The Employee struck Jones' motorized shopping cart with the Cart.

14.     At the time Jones' was struck by the Cart, the area of the Store she was in was not closed off to business invitees.

15.     At the time Jones' was struck by the Cart, the area of the Store she was in contained no signs, cones, or other warning devices to alert Jones to the presence of the Employee, the Cart, and/or a dangerous condition.

16.     As a direct and proximate result of being struck by the Cart, Jones suffered severe and permanent physical and emotional injuries; suffered past, present, and future pain and mental anguish; suffered past, present, and future inconvenience; incurred past, present, and future medical expenses; incurred lost wages; suffered diminished earning capacity; and was prevented from performing her regular activities.

### COUNT I
#### NEGLIGENCE

17.     All of the foregoing and preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

18.     Jones exercised due care at all times while she was in the Store.

19.     Defendants owed a duty to Jones and their other business invitees to maintain the Store in a reasonably safe condition and free from hazardous conditions such as that posed by the Employee pushing the Cart.

3

20.    Defendants owed a duty to Jones and their other business invitees to exercise ordinary care and caution in the ownership, management, maintenance, and control of the Store.

21.    Defendants owed a duty to Jones and their other business invitees to adequately warn their invitees of hazards at the Store which Defendants knew or in the exercise of ordinary care should have known existed.

22.    Defendants owed a duty to Jones and their other business invitees to operate the Cart with reasonable care and with regard for their safety.

23.    In carelessly and negligently operating the Cart, Defendants, through their employees, agents and servants were negligent in each of the following instances:

a.  Defendants failed to keep a proper lookout for Jones and their other invitees shopping in the Store and avail it of what the lookout did or should have revealed.

b.  Defendants failed to keep the Cart under reasonable and proper control under the prevailing conditions present at the Store.

c.  Defendants failed to timely and seasonably stop the Cart under the prevailing conditions present at the Store.

d.  Defendants failed to warn Jones of the presence of the Cart and the dangerous condition created by the Cart.

24.    All of the foregoing acts and omissions constitute negligence on behalf of the Defendants.

25.    As a direct and proximate result of Defendants' negligence described above, Jones suffered severe and permanent physical and emotional injuries; suffered past, present, and future pain and mental anguish; suffered past, present, and future

4

inconvenience; incurred past, present, and future medical expenses; incurred lost wages; suffered diminished earning capacity; and was prevented from performing her regular activities.

26.    Trial by jury on all counts contained in this Complaint is demanded.

WHEREFORE, Plaintiff Jacqueline Jones, by counsel, respectfully requests that this Court take jurisdiction of this matter, hear such evidence as it deems necessary, and thereafter enter judgment against Defendants Sam's West, Inc., Sam's East, Inc., and Walmart, Inc. holding them jointly and severally liable to Plaintiff in the amount of One Million Dollars ($1,000,000.00), pre-judgment interest from July 1, 2107, post-judgment interest at 6% per annum, costs, and for such other and further relief as this Court deems appropriate.

                                         JACQUELINE JONES


                                    By _____
                                              Of Counsel

F. Alex Coletrane (VSB #78381)
Jason E. Messersmith (VSB #77075)
PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Email Address: jmessersmith@pwhd.com
Telephone: (757) 223-4548
Facsimile: (757) 223-4518
*Counsel for Plaintiff Jacqueline Jones*

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF CHESAPEAKE**

JACQUELINE JONES,

               Plaintiff,

v.
                              Case No. *CL19-3179)*
                              **TRIAL BY JURY DEMANDED**

SAM'S WEST, INC.,
doing business as SAM'S CLUB,

     Serve:     SAM'S WEST, INC.
                  CT Corporation System, Registered Agent
                  4701 Cox Road, Ste. 285
                  Glen Allen, VA 23060

and

SAM'S EAST, INC.,

     Serve:     SAM'S EAST, INC.
                  CT Corporation System, Registered Agent
                  4701 Cox Road, Ste. 285
                  Glen Allen, VA 23060

and

WALMART, INC.,

     Serve:     WALMART, INC.
                  CT Corporation System, Registered Agent
                  4701 Cox Road, Ste. 285
                  Glen Allen, VA 23060

                Defendants.

FILED IN CLERK'S OFFICE
CHESAPEAKE CIRCUIT COURT
2019 MAY 22 PM 2: 03
BY: _____ D.C.

             **PLAINTIFF'S FIRST SET OF INTERROGATORIES**
   **AND FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS**
  **TO DEFENDANTS, SAM'S WEST, INC., SAM'S EAST, INC., and WALMART,**
                               **INC.**

     COMES NOW the Plaintiff, JACQUELINE JONES, ("Jones"), by counsel,

pursuant to the Rules of the Supreme Court of Virginia, and serves the following First

Set of Interrogatories and First Set of Request for Production of Documents upon the

Defendants, Sam's West, Inc., Sam's East, Inc., and Walmart, Inc. said Interrogatories and Requests to be answered by the Defendants, under oath, within twenty-one (21) days from service hereof, or twenty-eight (28) days if served with the Complaint, and by filing a written response to each Request within twenty-one (21) days, or twenty-eight (28) days if served with the Complaint, producing the requested documents or, in the alternative, making same available for inspection and copying at the Law Offices of Patten, Wornom, Hatten & Diamonstein, LC, 12350 Jefferson Avenue, Suite 300, Newport News, Virginia 23602.

## **DEFINITIONS**

These Interrogatories are continuing in nature, and in accordance with the Rules you are required and are hereby requested, without further notice, to continually update and supplement each of your responses herein at such times when you obtain new, additional or differing information, documents and/or things.

With respect to this discovery, you are to apply the below descriptive information to each of your responses such that your responses include rather than exclude supplemental and identifying information.

A. The terms "name," "identify," "identity," "identifying" or "identification" shall mean, without limitation, to include:

1. With respect to a natural person, his or her full name, current home and business address or, if not known, then last known address along with both home and work telephone numbers and whether or not you assert an attorney-client privilege over said person. If reference is to an expert, then include his or her area(s) of expertise.

2. With respect to a firm, corporation, agency, department, or artificial person, state its full name and location and the identity of the person(s) at such place(s) having knowledge of the information requested.

3. When applied to a writing, book, record, document, photograph, statement or recording, state the date prepared, the author and preparer and its present or last known location and custodian thereof.

2

B. Addresses provided pursuant to these requests are to include both current home and business addresses or, if not known, then last known address(es), along with home and business telephone numbers.

C. Where knowledge or information of a party is requested, such request includes knowledge of the party's agents, employees, accountants, investigators, representatives and, unless privileged, his, her or its attorneys. If you claim a privilege as to any response, then state the basis for such claim and refer to section "K" below for more specificity.

D. The pronouns "you" and "your" refer to Defendants in this matter as well as their agents.

E. If you or your agents do not have the information to adequately respond to a particular question, but shall know the name and address of the person or organization who may have such information, then set forth in your response such information, such name(s) and address(es).

F. When answer is made by a non-individual party, state the name, address and title of each person supplying the information and making the affidavit, along with identifying the source of his or her information.

G. The terms "documents," "things," "records," "writings," "recorded statement," "memo," "notes," "pictures," "film," "photograph," etc. shall mean any type of paper, transcript, statement, book, report, memorandum, recording, note, summary, correspondence, schedule, plat, map, video, photograph(s), film, imprint, drawing, diagram, chart, email, data transfer, data compilation, data stored on computer or electronic memory, or other records, whether official or unofficial, containing information written, typewritten, printed, pictured, drawn, orally transcribed or in any other form.

H. "Describe" and "state" shall mean to include all facts and opinions, known and believed, concerning the subject matter along with the identity of each person having such knowledge, fact, or opinion including their business and home addresses and telephone numbers.

I. To "state the basis" for a statement, allegation, or belief, means to set forth in detail each and every fact, document and communication, oral and written, which you contend supports or tends to support any and all such statements, allegations, and beliefs.

J. If you elect not to provide copies of documents as requested or if legible copies cannot be provided, then the original document or item shall be produced or made available for inspection at the offices of Defendant's counsel at a mutually agreeable date and time, within the time allotted by the rules for your Answers and Production herein.

K. If you claim privilege as to any statement, information, document(s) or thing(s), then set forth in your reply a brief description of the document and the reason(s) why you claim the item is considered privileged or not discoverable. If the production of any document referred to by these Requests is refused on the grounds of any claim or privilege, furnish a list specifying each document for which privilege is claimed and state separately with respect to each document:

    (a) A statement of facts constituting the basis for any claim or privilege, work product, or other grounds of non-disclosure;

    (b) A brief description of the document, including:

        (i)    the date of the document;

        (ii)   the names and addresses of its author, authors or preparers and identification by employment and title of each such person;

        (iii)  the names and addresses of each person who was sent or has had access to or custody of the document, together with the identification of each person;

        (iv)  the paragraph of these Requests to which the document relates; and

        (v)   in the case of any document relating in any way to a meeting or conversation, then please identify such meeting or conversation by statement as to the date of the meeting, its location and the persons present.

L. If you are aware of an item(s) covered by this discovery request that is not within your present custody or ownership, then please identify fully such document(s) and the person(s) or entity(ies) having current or last known custody and/or possession including the complete address(es) (street, city, state, and zip code) where such item(s) is believed to be located including the phone number(s) of the custodian.

M. Should an individual be no longer associated with you or your company, then list his/her last known address as well as the individual who now occupies his or her same or similar position.

N. Lost Documents: if any document requested was, but no longer is, in the possession, custody or control of the plaintiffs or in existence, state whether it:

    (a)    is missing or lost;

    (b)    has been destroyed;

    (c)    has been transferred, voluntarily or involuntarily, to others; or

    (d)    has been otherwise disposed of.

For each such instance, explain the circumstances of disposition, give the date or approximate date of the document, the names and last known home and business addresses of persons with knowledge of such circumstances; and the date or

4

approximate date when such document was believed to be missing, lost, destroyed, and/or transferred.

O. The terms "and" as well as "or" shall be interpreted either disjunctively or conjunctively to bring within the scope of these discovery requests information that might otherwise be deemed to be outside their scope.

P. As to any word or terms used herein the singular shall include the plural, and the plural shall include the singular to bring within the scope of these discovery requests information that might otherwise be deemed to be outside their scope.

Q. "Accident" or "Occurrence" means the incident that occurred on July 1, 2017 which gave rise to this litigation.

R. "Sam's Club" means the Sam's Club store located at 2444 Chesapeake Square Ring Road, Chesapeake, Virginia 23321.

## INTERROGATORIES

1.     Fully identify, including the relationship to the Defendant, the person or persons, other than counsel, responsible for answering these interrogatories and gathering documents responsive to the Request for Production of Documents submitted herewith.

**ANSWER:**


2.     Identify all experts you intend to call as witnesses at the trial of this matter and, for each such expert state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER:**


3.     Have you or any witness identified in these Interrogatories been convicted or charged either of a felony or a misdemeanor involving moral turpitude?  If so, please furnish the name(s) of the person(s) convicted and the nature, date, and court of any such convictions.

**ANSWER:**


4.     Identify all persons or entities known to you, your insurance company, or your attorney who witnessed any part of the Accident, or have knowledge of the events leading up to the Accident including, without limitation, the employee who was pushing the cart that struck the Plaintiff, and for each such person, please state with particularity the facts, documents, materials, or other information you have reason to believe the

person may possess. If a person identified in this Response is not a natural person, identify the individual associated with that entity whom you believe has custody of such information.

**ANSWER:**

5.    Identify the persons or entities responsible in any way for the inspection, maintenance, and stocking of the Sam's Club and the day-to-day management of the Sam's Club including, without limitation, the names of any and all managers, supervisors, general managers, and other supervisory personnel affiliated in any way with the Sam's Club.

**ANSWER:**

6.    If you contend that a co-defendant or person or entity who is not yet a party to this litigation was negligent or contributed in any way to the Accident and/or the injuries to Plaintiff then specify the name of such person or entity and identify with particularity each act or omission that forms the basis for your contention.

**ANSWER:**

7.    If you contend that Plaintiff was contributorily negligent in this matter, identify with particularity each act or omission which you claim constitutes negligence on the part of the Plaintiff.

**ANSWER:**

8.    Identify all statements concerning the Accident made to any police officer, private investigator, insurance company agent, adjuster, employee, or anyone else and with regard to each statement identify:

    (a)    the name, address, and employer of the person to whom the statement was made;

    (b)    the party who made the statement;

    (c)    the date of the statement;

    (d)    whether the statement was oral or written and if oral whether it was recorded; and

    (e)    the name and address of the custodian of each statement.

**ANSWER:**


9.    Identify all procedures in place on the date of the Accident which is intended to prevent accidents such as the Accident suffered by Plaintiff including, without limitation, all employee handbooks, training manuals, and/or other written materials given or made available to employees. For each such procedure, identify all written procedures sufficiently so that they may be subpoenaed and describe with particularity all procedures which are not written.

**ANSWER:**


10.    Identify any warnings, whether verbal or written including, without limitation, signs or other posted warnings which were given to Plaintiff specifically, and/or to other invitees to the Sam's Club in general, before the Accident concerning the condition which caused or contributed to the Accident.

8

**ANSWER:**


11. Identify all pictures, photographs, plats, visual recorded images, police reports, diagrams, or objects related to the Accident, Plaintiff's physical condition, the area where Plaintiff was struck at Sam's Club, without limitation, the substance of such recording and the present custodian of each such item.

**ANSWER:**


12. State the name and address of any liability insurance carrier that afforded coverage to you for the injuries to Plaintiff in the Accident. Please include in this answer the policy number of any such policy.

 a) If the named insured in the aforesaid policy is different from you, state the name and address of the named insured and what relation, if any, to you the named insured it.

 b) State the policy limits of the aforesaid insurance policy that afforded coverage to you for the Accident. In answering this interrogatory, you are asked to consider any additional insurance coverage that might be made available to you.

 c) Over and above the policy limits of the liability insurance, please state whether or not you have any excess coverage or umbrella coverage under provisions of any insurance policy and, if so, state the name and address of said insurance carrier, stating the policy limits and policy number of the excess insurance or umbrella insurance afforded to you.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.    Produce all documents and records identified in your answers to the Interrogatories submitted herewith.

**RESPONSE:**

2.    Produce all documents which you intend to rely upon as exhibits at the trial of this matter.

**RESPONSE:**

3.    Produce all documents provided to or received from any expert retained in this matter including, without limitation, any reports produced by any expert retained in this matter.

**RESPONSE:**

4.    Produce the curriculum vitae of any expert retained in this matter.

**RESPONSE:**

5.    Produce all oral or written statements made to the Plaintiff (other than those made in depositions or medical records) with regard to the Accident.

**RESPONSE:**

6.    Produce all oral or written statements made by Plaintiff (other than those made in depositions or medical records) with regard to the Accident.

**RESPONSE:**

10

7.     Produce all documents related in any way to your response to Interrogatory No. 4 above.

**RESPONSE:**


8.     Produce all documents related in any way to your response to Interrogatory No. 8 above.

**RESPONSE:**


9.     Produce all documents related in any way to your response to Interrogatory No. 9 above.

**RESPONSE:**


10.    Produce all documents related in any way to your response to Interrogatory No. 10 above.

**RESPONSE:**


11.    Produce all documents related in any way to your response to Interrogatory No. 11 above.

**RESPONSE:**


12.    Produce all documents related in any way to your response to Interrogatory No. 12 above.

**RESPONSE:**

11

13. Produce any and all surveillance video that shows all or part of rack 31 and the site of the Accident at the Sam's Club from 12:01 AM – 11:59 PM on July 1, 2017.

**RESPONSE:**


14. Produce any and all photographs that are focused on all or part of rack 31 and the site of the Accident at the Sam's Club from 12:01 AM – 11:59 PM on July 1, 2017.

**RESPONSE:**


15. Produce all documents related to any investigation of the Accident.

**RESPONSE:**

**JACQUELINE JONES**

By_____
Of Counsel

Jason E. Messersmith (VSB #77075)
F. Alex Coletrane (VSB #78381)
PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Email Address: acoletrane@pwhd.com
Telephone: (757) 223-4548
Facsimile: (757) 223-4518
*Counsel for Plaintiff Jacqueline Jones*

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF CHESAPEAKE**

**JACQUELINE JONES,**

        **Plaintiff,**

v.

        Case No. CL19-3791

        **TRIAL BY JURY DEMANDED**

**SAM'S WEST, INC.,**
**doing business as SAM'S CLUB,**

    <u>Serve:</u>    **SAM'S WEST, INC.**
                **CT Corporation System, Registered Agent**
                **4701 Cox Road, Ste. 285**
                **Glen Allen, VA 23060**

**and**

**SAM'S EAST, INC.,**

    <u>Serve:</u>    **SAM'S EAST, INC.**
                **CT Corporation System, Registered Agent**
                **4701 Cox Road, Ste. 285**
                **Glen Allen, VA 23060**

**and**

**WALMART, INC.,**

    <u>Serve:</u>    **WALMART, INC.**
                **CT Corporation System, Registered Agent**
                **4701 Cox Road, Ste. 285**
                **Glen Allen, VA 23060**

        **Defendants.**

FILED IN CLERK'S OFFICE
CHESAPEAKE CIRCUIT COURT
2019 MAY 22 PM 2: 01
BY_____ D.C.

## <u>COMPLAINT</u>

    COMES NOW the Plaintiff Jacqueline Jones ("Jones" or "Plaintiff"), by counsel,

and for her Complaint against Defendants, Sam's West, Inc. d/b/a Sam's Club #4710,

Sam's East, Inc., and Walmart, Inc. states as follows:

## JURISDICTION, VENUE, AND PARTIES

1.      This Court has subject matter jurisdiction because the negligent acts and omissions complained of which gave rise to the cause of actions pled herein occurred in the city of Chesapeake, Virginia.

2.      This Court has personal jurisdiction over the Defendant pursuant to at least, but not limited to, VA. CODE ANN. § 8.01-328.1(1)-(3).

3.      Venue is proper in this Court pursuant to at least, but not limited to, VA. CODE ANN. §8.01-262(3)-(4).

4.      Plaintiff Jacqueline Jones is a Virginia resident residing in Carrollton, Virginia.

5.      Defendant Sam's West, Inc. d/b/a Sam's Club #4710 is a corporation organized under the laws of Arkansas with a principal office located in Little Rock, Arkansas.

6.      Defendant Sam's East, Inc. is a corporation organized under the laws of Arkansas with a principal office located in Bentonville, Arkansas.

7.      Defendant Walmart, Inc. is a corporation organized under the laws of Arkansas with a principal office located in Bentonville, Arkansas.

## FACTS

8.      At all times relevant to this matter, Defendants owned, operated, and maintained a Sam's Club store located at 2444 Chesapeake Square Ring Road, Chesapeake, VA 23321 (the "Store").

9.      At all times relevant to this matter, Defendants' agents, employees, and servants operated, maintained, and controlled the Store within the scope of their employment, agency, and/or master-servant relationship with Defendants.

2

10.     On July 1, 2017, Jones was lawfully and properly in the Store as a business invitee.

11.     On that day, Jones was using a motorized shopping cart inside the Store.

12.     At the same time and place, Defendant's employee (the "Employee") was inside the Store and pushing a stock cart (the "Cart") loaded with boxes.

13.     The Employee struck Jones' motorized shopping cart with the Cart.

14.     At the time Jones' was struck by the Cart, the area of the Store she was in was not closed off to business invitees.

15.     At the time Jones' was struck by the Cart, the area of the Store she was in contained no signs, cones, or other warning devices to alert Jones to the presence of the Employee, the Cart, and/or a dangerous condition.

16.     As a direct and proximate result of being struck by the Cart, Jones suffered severe and permanent physical and emotional injuries; suffered past, present, and future pain and mental anguish; suffered past, present, and future inconvenience; incurred past, present, and future medical expenses; incurred lost wages; suffered diminished earning capacity; and was prevented from performing her regular activities.

## COUNT I
### NEGLIGENCE

17.     All of the foregoing and preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

18.     Jones exercised due care at all times while she was in the Store.

19.     Defendants owed a duty to Jones and their other business invitees to maintain the Store in a reasonably safe condition and free from hazardous conditions such as that posed by the Employee pushing the Cart.

3

20.    Defendants owed a duty to Jones and their other business invitees to exercise ordinary care and caution in the ownership, management, maintenance, and control of the Store.

21.    Defendants owed a duty to Jones and their other business invitees to adequately warn their invitees of hazards at the Store which Defendants knew or in the exercise of ordinary care should have known existed.

22.    Defendants owed a duty to Jones and their other business invitees to operate the Cart with reasonable care and with regard for their safety.

23.    In carelessly and negligently operating the Cart, Defendants, through their employees, agents and servants were negligent in each of the following instances:

a. Defendants failed to keep a proper lookout for Jones and their other invitees shopping in the Store and avail it of what the lookout did or should have revealed.

b. Defendants failed to keep the Cart under reasonable and proper control under the prevailing conditions present at the Store.

c. Defendants failed to timely and seasonably stop the Cart under the prevailing conditions present at the Store.

d. Defendants failed to warn Jones of the presence of the Cart and the dangerous condition created by the Cart.

24.    All of the foregoing acts and omissions constitute negligence on behalf of the Defendants.

25.    As a direct and proximate result of Defendants' negligence described above, Jones suffered severe and permanent physical and emotional injuries; suffered past, present, and future pain and mental anguish; suffered past, present, and future

4

inconvenience; incurred past, present, and future medical expenses; incurred lost wages; suffered diminished earning capacity; and was prevented from performing her regular activities.

26.     Trial by jury on all counts contained in this Complaint is demanded.

WHEREFORE, Plaintiff Jacqueline Jones, by counsel, respectfully requests that this Court take jurisdiction of this matter, hear such evidence as it deems necessary, and thereafter enter judgment against Defendants Sam's West, Inc., Sam's East, Inc., and Walmart, Inc. holding them jointly and severally liable to Plaintiff in the amount of One Million Dollars ($1,000,000.00), pre-judgment interest from July 1, 2107, post-judgment interest at 6% per annum, costs, and for such other and further relief as this Court deems appropriate.

**JACQUELINE JONES**

By _____
                               Of Counsel

F. Alex Coletrane (VSB #78381)
Jason E. Messersmith (VSB #77075)
PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Email Address: jmessersmith@pwhd.com
Telephone: (757) 223-4548
Facsimile: (757) 223-4518
*Counsel for Plaintiff Jacqueline Jones*

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF CHESAPEAKE**

**JACQUELINE JONES,**

        **Plaintiff,**

**v.**

Case No. CL19 - 3791

**TRIAL BY JURY DEMANDED**

**SAM'S WEST, INC.,**
**doing business as SAM'S CLUB,**

    <u>Serve:</u>    **SAM'S WEST, INC.**
                **CT Corporation System, Registered Agent**
                **4701 Cox Road, Ste. 285**
                **Glen Allen, VA 23060**

**and**

**SAM'S EAST, INC.,**

    <u>Serve:</u>    **SAM'S EAST, INC.**
                **CT Corporation System, Registered Agent**
                **4701 Cox Road, Ste. 285**
                **Glen Allen, VA 23060**

**and**

**WALMART, INC.,**

    <u>Serve:</u>    **WALMART, INC.**
                **CT Corporation System, Registered Agent**
                **4701 Cox Road, Ste. 285**
                **Glen Allen, VA 23060**

        **Defendants.**

FILED IN CLERK'S OFFICE
2019 MAY 22   PM 2:02
CHESAPEAKE CIRCUIT COURT
BY: _____ D.C.

<u>**PLAINTIFF'S FIRST SET OF INTERROGATORIES**</u>
<u>**AND FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS**</u>
<u>**TO DEFENDANTS, SAM'S WEST, INC., SAM'S EAST, INC., and WALMART,**</u>
<u>**INC.**</u>

COMES NOW the Plaintiff, JACQUELINE JONES,   ("Jones"), by counsel,

pursuant to the Rules of the Supreme Court of Virginia, and serves the following First

Set of Interrogatories and First Set of Request for Production of Documents upon the

Defendants, Sam's West, Inc., Sam's East, Inc., and Walmart, Inc. said Interrogatories and Requests to be answered by the Defendants, under oath, within twenty-one (21) days from service hereof, or twenty-eight (28) days if served with the Complaint, and by filing a written response to each Request within twenty-one (21) days, or twenty-eight (28) days if served with the Complaint, producing the requested documents or, in the alternative, making same available for inspection and copying at the Law Offices of Patten, Wornom, Hatten & Diamonstein, LC, 12350 Jefferson Avenue, Suite 300, Newport News, Virginia 23602.

## DEFINITIONS

These Interrogatories are continuing in nature, and in accordance with the Rules you are required and are hereby requested, without further notice, to continually update and supplement each of your responses herein at such times when you obtain new, additional or differing information, documents and/or things.

With respect to this discovery, you are to apply the below descriptive information to each of your responses such that your responses include rather than exclude supplemental and identifying information.

A. The terms "name," "identify," "identity," "identifying" or "identification" shall mean, without limitation, to include:

1. With respect to a natural person, his or her full name, current home and business address or, if not known, then last known address along with both home and work telephone numbers and whether or not you assert an attorney-client privilege over said person.  If reference is to an expert, then include his or her area(s) of expertise.

2. With respect to a firm, corporation, agency, department, or artificial person, state its full name and location and the identity of the person(s) at such place(s) having knowledge of the information requested.

3. When applied to a writing, book, record, document, photograph, statement or recording, state the date prepared, the author and preparer and its present or last known location and custodian thereof.

2

B. Addresses provided pursuant to these requests are to include both current home and business addresses or, if not known, then last known address(es), along with home and business telephone numbers.

C. Where knowledge or information of a party is requested, such request includes knowledge of the party's agents, employees, accountants, investigators, representatives and, unless privileged, his, her or its attorneys. If you claim a privilege as to any response, then state the basis for such claim and refer to section "K" below for more specificity.

D. The pronouns "you" and "your" refer to Defendants in this matter as well as their agents.

E. If you or your agents do not have the information to adequately respond to a particular question, but shall know the name and address of the person or organization who may have such information, then set forth in your response such information, such name(s) and address(es).

F. When answer is made by a non-individual party, state the name, address and title of each person supplying the information and making the affidavit, along with identifying the source of his or her information.

G. The terms "documents," "things," "records," "writings," "recorded statement," "memo," "notes," "pictures," "film," "photograph," etc. shall mean any type of paper, transcript, statement, book, report, memorandum, recording, note, summary, correspondence, schedule, plat, map, video, photograph(s), film, imprint, drawing, diagram, chart, email, data transfer, data compilation, data stored on computer or electronic memory, or other records, whether official or unofficial, containing information written, typewritten, printed, pictured, drawn, orally transcribed or in any other form.

H. "Describe" and "state" shall mean to include all facts and opinions, known and believed, concerning the subject matter along with the identity of each person having such knowledge, fact, or opinion including their business and home addresses and telephone numbers.

I. To "state the basis" for a statement, allegation, or belief, means to set forth in detail each and every fact, document and communication, oral and written, which you contend supports or tends to support any and all such statements, allegations, and beliefs.

J. If you elect not to provide copies of documents as requested or if legible copies cannot be provided, then the original document or item shall be produced or made available for inspection at the offices of Defendant's counsel at a mutually agreeable date and time, within the time allotted by the rules for your Answers and Production herein.

3

K. If you claim privilege as to any statement, information, document(s) or thing(s), then set forth in your reply a brief description of the document and the reason(s) why you claim the item is considered privileged or not discoverable. If the production of any document referred to by these Requests is refused on the grounds of any claim or privilege, furnish a list specifying each document for which privilege is claimed and state separately with respect to each document:

(a) A statement of facts constituting the basis for any claim or privilege, work product, or other grounds of non-disclosure;

(b) A brief description of the document, including:
   (i) the date of the document;
   (ii) the names and addresses of its author, authors or preparers and identification by employment and title of each such person;
   (iii) the names and addresses of each person who was sent or has had access to or custody of the document, together with the identification of each person;
   (iv) the paragraph of these Requests to which the document relates; and
   (v) in the case of any document relating in any way to a meeting or conversation, then please identify such meeting or conversation by statement as to the date of the meeting, its location and the persons present.

L. If you are aware of an item(s) covered by this discovery request that is not within your present custody or ownership, then please identify fully such document(s) and the person(s) or entity(ies) having current or last known custody and/or possession including the complete address(es) (street, city, state, and zip code) where such item(s) is believed to be located including the phone number(s) of the custodian.

M. Should an individual be no longer associated with you or your company, then list his/her last known address as well as the individual who now occupies his or her same or similar position.

N. Lost Documents: if any document requested was, but no longer is, in the possession, custody or control of the plaintiffs or in existence, state whether it:

(a) is missing or lost;
(b) has been destroyed;
(c) has been transferred, voluntarily or involuntarily, to others; or
(d) has been otherwise disposed of.

For each such instance, explain the circumstances of disposition, give the date or approximate date of the document, the names and last known home and business addresses of persons with knowledge of such circumstances; and the date or

4

approximate date when such document was believed to be missing, lost, destroyed, and/or transferred.

O. The terms "and" as well as "or" shall be interpreted either disjunctively or conjunctively to bring within the scope of these discovery requests information that might otherwise be deemed to be outside their scope.

P. As to any word or terms used herein the singular shall include the plural, and the plural shall include the singular to bring within the scope of these discovery requests information that might otherwise be deemed to be outside their scope.

Q. "Accident" or "Occurrence" means the incident that occurred on July 1, 2017 which gave rise to this litigation.

R. "Sam's Club" means the Sam's Club store located at 2444 Chesapeake Square Ring Road, Chesapeake, Virginia 23321.

## INTERROGATORIES

1.      Fully identify, including the relationship to the Defendant, the person or persons, other than counsel, responsible for answering these interrogatories and gathering documents responsive to the Request for Production of Documents submitted herewith.

**ANSWER:**


2.      Identify all experts you intend to call as witnesses at the trial of this matter and, for each such expert state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER:**


3.      Have you or any witness identified in these Interrogatories been convicted or charged either of a felony or a misdemeanor involving moral turpitude?  If so, please furnish the name(s) of the person(s) convicted and the nature, date, and court of any such convictions.

**ANSWER:**


4.      Identify all persons or entities known to you, your insurance company, or your attorney who witnessed any part of the Accident, or have knowledge of the events leading up to the Accident including, without limitation, the employee who was pushing the cart that struck the Plaintiff, and for each such person, please state with particularity the facts, documents, materials, or other information you have reason to believe the

6

person may possess. If a person identified in this Response is not a natural person, identify the individual associated with that entity whom you believe has custody of such information.

**ANSWER:**

5.    Identify the persons or entities responsible in any way for the inspection, maintenance, and stocking of the Sam's Club and the day-to-day management of the Sam's Club including, without limitation, the names of any and all managers, supervisors, general managers, and other supervisory personnel affiliated in any way with the Sam's Club.

**ANSWER:**

6.    If you contend that a co-defendant or person or entity who is not yet a party to this litigation was negligent or contributed in any way to the Accident and/or the injuries to Plaintiff then specify the name of such person or entity and identify with particularity each act or omission that forms the basis for your contention.

**ANSWER:**

7.    If you contend that Plaintiff was contributorily negligent in this matter, identify with particularity each act or omission which you claim constitutes negligence on the part of the Plaintiff.

**ANSWER:**

7

8.     Identify all statements concerning the Accident made to any police officer, private investigator, insurance company agent, adjuster, employee, or anyone else and with regard to each statement identify:

(a)     the name, address, and employer of the person to whom the statement was made;

(b)     the party who made the statement;

(c)     the date of the statement;

(d)     whether the statement was oral or written and if oral whether it was recorded; and

(e)     the name and address of the custodian of each statement.

**ANSWER:**


9.     Identify all procedures in place on the date of the Accident which is intended to prevent accidents such as the Accident suffered by Plaintiff including, without limitation, all employee handbooks, training manuals, and/or other written materials given or made available to employees. For each such procedure, identify all written procedures sufficiently so that they may be subpoenaed and describe with particularity all procedures which are not written.

**ANSWER:**


10.     Identify any warnings, whether verbal or written including, without limitation, signs or other posted warnings which were given to Plaintiff specifically, and/or to other invitees to the Sam's Club in general, before the Accident concerning the condition which caused or contributed to the Accident.

8

**ANSWER:**

11.    Identify all pictures, photographs, plats, visual recorded images, police reports, diagrams, or objects related to the Accident, Plaintiff's physical condition, the area where Plaintiff was struck at Sam's Club, without limitation, the substance of such recording and the present custodian of each such item.

**ANSWER:**

12. State the name and address of any liability insurance carrier that afforded coverage to you for the injuries to Plaintiff in the Accident.  Please include in this answer the policy number of any such policy.

a)    If the named insured in the aforesaid policy is different from you, state the name and address of the named insured and what relation, if any, to you the named insured it.

b)    State the policy limits of the aforesaid insurance policy that afforded coverage to you for the Accident.  In answering this interrogatory, you are asked to consider any additional insurance coverage that might be made available to you.

c)    Over and above the policy limits of the liability insurance, please state whether or not you have any excess coverage or umbrella coverage under provisions of any insurance policy and, if so, state the name and address of said insurance carrier, stating the policy limits and policy number of the excess insurance or umbrella insurance afforded to you.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      Produce all documents and records identified in your answers to the Interrogatories submitted herewith.

**RESPONSE:**


2.      Produce all documents which you intend to rely upon as exhibits at the trial of this matter.

**RESPONSE:**


3.      Produce all documents provided to or received from any expert retained in this matter including, without limitation, any reports produced by any expert retained in this matter.

**RESPONSE:**


4.      Produce the curriculum vitae of any expert retained in this matter.

**RESPONSE:**


5.      Produce all oral or written statements made to the Plaintiff (other than those made in depositions or medical records) with regard to the Accident.

**RESPONSE:**


6.      Produce all oral or written statements made by Plaintiff (other than those made in depositions or medical records) with regard to the Accident.

**RESPONSE:**

10

13.     Produce any and all surveillance video that shows all or part of rack 31 and the site of the Accident at the Sam's Club from 12:01 AM – 11:59 PM on July 1, 2017.

**RESPONSE:**


14.     Produce any and all photographs that are focused on all or part of rack 31 and the site of the Accident at the Sam's Club from 12:01 AM – 11:59 PM on July 1, 2017.

**RESPONSE:**


15.     Produce all documents related to any investigation of the Accident.

**RESPONSE:**

**JACQUELINE JONES**

By_____

Of Counsel

Jason E. Messersmith (VSB #77075)
F. Alex Coletrane (VSB #78381)
PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, VA 23602
Email Address: acoletrane@pwhd.com
Telephone: (757) 223-4548
Facsimile: (757) 223-4518
*Counsel for Plaintiff Jacqueline Jones*